MERLE T. GARNER *v.* STATE OF INDIANA.

[No. 2-174A3.  Filed April 10, 1975.]

*Robert E. Stewart,* of Danville, for appellant.

*Theodore L. Sendak,* Attorney General, *Henry O. Sitler,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Merle T. Garner (Garner) appeals from a jury conviction of possession of a narcotic drug in violation of the 1935 Narcotics Act, claiming insufficient evidence to support the conviction, and failure by the trial court to suppress certain evidence and to order the State to reveal the identity of an informant.

We affirm.

## FACTS

The evidence and facts most favorable to the State are as follows:

On or about December 13, 1972, Indianapolis Police Department officer John M. Sims (Sims) received information from a reliable informant that Garner was concealing bags of heroin behind a barber shop in the 500 block of Indiana Avenue, Indianapolis, Indiana.

Pursuant to the tip, Sims (wearing civilian clothes) and another officer conducted a stakeout of the area. Sims observed Garner disappear behind the building on several occasions and then return to the street side of the location and converse with various people.

Sims then situated himself behind the building and at 5:00 p.m. observed Garner reach into a pile of trash and withdraw a white Excedrin bottle. Sims, only twenty-five feet from Garner, identified himself as a police officer . . . even though they were acquainted as a result of past questionings.

Seeing Sims, Garner fled even though Sims ordered him to halt and fired a warning shot. Sims gave chase, but Garner eluded him.

While fleeing, Garner stumbled and dropped the bottle and several tinfoil packages on the ground which Sims recovered and he immediately performed a field test on the brown powdery substance contained in the packages . . . the results of which indicated the presence of an opium derivative.

Sims took the bottle and tinfoil packets to Police Headquarters after which Dr. Phillips of the I.P.D. Crime Laboratory performed a complete analysis of the substance contained in the bottle and in the packages and determined it to be heroin.

Garner was apprehended and arrested two weeks later. He presented no evidence or witnesses at trial, but did object to the introduction of the Excedrin bottle and the packages into evidence on the ground that an unbroken chain of custody was not demonstrated. The jury found him guilty, and the court sentenced him to imprisonment for a period of not less than two (2) nor more than ten (10) years. Garner appeals.

## ISSUES

ISSUE ONE.  Did the trial court err by admitting into evidence the bottle and tinfoil packets of heroin obtained as incident to an unlawful arrest and an illegal search and seizure?

ISSUE TWO.  Did the trial court err in refusing to order the State to disclose the identity of the informant?

ISSUE THREE.  Is the evidence sufficient to sustain the judgment of and conviction for the illegal possession of a narcotic drug?

As to ISSUE ONE, Garner contends that the evidence should have been excluded because the State failed to establish the reliability or identity of the informant and the resulting arrest, search and seizure were therefore illegal.

The State responds that there was no arrest, search, or seizure and the bottle and the heroin packages were dropped by the fleeing suspect in plain view of the pursuing police officer, Sims.

As to ISSUE TWO, Garner contends that the State failed to show a substantial interest in nondisclosure of or risk to the informer's life.

The State argues that the informer provided only information concerning the location of the heroin . . . the guilt and identity of Garner was established by Sims' personal observation of the defendant's acts.

As to ISSUE THREE, Garner contends that the State failed to prove the possession of the narcotic with the requisite intent and knowledge thereof.

In response, the State contends that Garner's knowledge of the character of the drug and his intent to possess it may be inferred from the evidence establishing possession, a fact personally witnessed by Sims.

## DECISION

### ISSUE ONE

CONCLUSION—It is our opinion that Garner has waived the issue of the admissibility of the bottle and heroin packages dropped by him while fleeing the police because he failed at trial to object to the admission of the evidence on the ground that it was incident to an unlawful arrest or a product of an illegal search and seizure.

The record reveals that Garner objected to State's Exhibit No. 2 (the packets and Excedrin bottle) on two occasions and on each occasion his objection was that the State had failed to prove a continuous chain of custody of the evidence.

Not until he filed his Motion to Correct Errors did Garner argue that the evidence was illegally seized on the grounds that the search which produced his evidence was incident to an unlawful arrest.

Failure to object on the grounds argued on appeal constitutes a waiver and preserves no issue for this Court to determine. Recent decisions of the Indiana Supreme Court reinforce this well-established principle. *See Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E.2d 98.

Justice Hunter reviewed the law on this subject in *Guthrie* v. *State* (1970), 254 Ind. 356, 360, 260 N.E.2d 579, 582:

"The general rule was stated by Wigmore in his treatise on evidence to be as follows:

"*'Specific objection.* A specific objection *overruled* will be effective to the extent of grounds specified, and no further. An objection *overruled,* therefore, naming a ground which is untenable, cannot be availed of because there was *another and tenable ground which might have been named but was not:* . . .'"

1 Wigmore on Evidence, § 18, at 339-40 (1940). (Original emphasis.)

"The courts in this state have applied the rule on numerous occasions. See e.g. Automobile Underwriters v. Camp (1940), 217 Ind. 328, 27 N.E.2d 370; Michigan City v. Werner (1916), 186 Ind. 149, 114 N.E. 636; Stout v. Rayl (1896), 146 Ind. 379, 45 N.E. 515. Although we do not pass lightly on the question of appellant's constitutional right, neither are we ready to expand the scope of review in this court to include anything which appellant chooses to argue on appeal. *The grounds of appellant's objections at trial being of a different nature than here urged on appeal, we need not pass on the validity of the argument now presented.*" (Emphasis supplied.)

*See also,*

*Thomas* v. *State* (1971), 256 Ind. 309, 268 N.E.2d 609;
*Hardin* v. *State* (1970), 254 Ind. 56, 257 N.E.2d 671;
*Moore* v. *State* (1970), 254 Ind. 23, 256 N.E.2d 907;
*Johnson* v. *State* (1969), 252 Ind. 70, 245 N.E.2d 659.

Accordingly, the question of the trial court's admission into evidence of the packages of heroin and their container has been waived.

ISSUE TWO

CONCLUSION—It is our opinion that the trial court did not err in refusing to compel the State to disclose the identity of the informant.

If disclosure of the identity of an informant is relevant and helpful to the defense of an accused or is essential to the fair determination of a cause, disclosure is required unless the State shows a paramount interest in nondisclosure or an unwarranted risk to the life of the informant. *See, Glover* v. *State* (1969), 253 Ind. 121,

251 N.E.2d 814; *Roviaro* v. *United States* (1957), 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639.

However, we discern no relevancy in revealing the identity of the informant.

Sims testified that the informant's tip led to the surveillance of the area and specifically of Garner, but Sims also testified that he was previously acquainted with Garner from past questionings and was able to independently identify him from his own knowledge. Finally, the crime was committed by Garner in Sims' presence.

Thus, the *Glover* case on which Garner relies is inapplicable because the informant in *Glover* was used "to help identify the appellant from a picture", thereby participating in establishment of the identity of the defendant. Strikingly similar, however, is *McCulley* v. *State* (1971), 257 Ind. 135, 272 N.E.2d 614, in which the informant also had no part in establishing the identity of the defendant. Justice Prentice said:

> "Here, however, the testimony concerning the informer merely revealed that the surveillance of the premises was undertaken by reason of an informer's tip. *It in no way related to any matter in issue.* It did not in any manner bolster the prosecution's case. *The assistance of the informer merely served to alert the witness* [*a police officer*] *to a possible crime yet to be perpetrated. The crime was then committed in the presence of the witness.* Knowledge of the identity of the informer could serve no purpose useful to the defendant's defense, and the disclosure to the jury of the reason the victimized pharmaceutical house was under surveillance had no bearing upon any issue. *The testimony implicating the defendant would have been the same, had it been mere chance that the police witnessed the defendant's participation in the crime.* The *Glover* rule, therefore, simply has no application." (Emphasis supplied.) 257 Ind. at 138-39, 272 N.E.2d at 616.

*See also,*
> *Ludlow* v. *State* (1973), Ind. App., 302 N.E.2d 838; *Presley* v. *State* (1972), 152 Ind. App. 637, 284 N.E.2d 526; *Harris* v. *United States* (1968), 390 U.S. 234, 88, S.Ct. 992, 19 L.E.2d1067; *McCray* v. *Illinois* (1967), 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62.

ISSUE THREE

CONCLUSION—It is our opinion that the verdict rendered by the jury was supported by sufficient evidence of probative value and Garner's conviction for unlawful possession of heroin must be sustained.

The uncontroverted evidence shows that Sims personally observed Garner reach into the trash pile and retrieve a white Excedrin bottle. When Sims, known to Garner as a police officer, identified himself, Garner fled carrying the bottle. As he ran, he stumbled and dropped the bottle and its contents to the ground in the presence of the pursuing Sims. The contents were later determined to be heroin.

Garner's protestations that the State failed to prove his possession to be without intent or knowledge simply constitute his version of the evidence.

As we observed in *Cartwright* v. *State* (1972), 154 Ind. App. 328, 289 N.E.2d 763:

". . . both Officers Miller and Crawford personally observed Cartwright remove a wallet from his back pocket and throw it to the ground. Officer Crawford retrieved the wallet, opened the brown envelope protruding from inside the wallet, and discovered ten tinfoil packets of a white powdery substance, which was later established to be heroin. . . . [W]e feel that the evidence was more than sufficient to warrant a finding that Cartwright did have possession of heroin." 154 Ind. App. at 334, 289 N.E. 2d at 766.

*See also,*
 *Patterson* v. *State* (1970), 255 Ind. 22, 262 N.E.2d 520.

The additional element of flight was further evidence of Garner's guilt:

"Evidence of escape or attempted escape in avoidance of arrest or capture is always competent evidence of the consciousness of guilt and a matter for the consideration by the jury." *Meredith* v. *State* (1965), 247 Ind. 233, 236, 214 N.E.2d 385, 386.

*See also,*
 *McMinoway* v. *State* (1972), Ind. App., 283 N.E.2d 553;
 *Banks* v. *State* (1972), 257 Ind. 653, 276 N.E.2d 155;

*Bradley* v. *State* (1972), 153 Ind. App. 421, 287 N.E.2d 759;
*Sargent* v. *State* (1973), 156 Ind. App. 469, 297 N.E.2d 459;
*Smith* v. *State* (1961), 241 Ind. 665, 175 N.E.2d 27.

Judgment affirmed.

Sullivan, P.J. and White, J., concur.