RICHIE ALLEN COOPER *v.* STATE OF INDIANA.

[No. 2-773A170. Filed November 30, 1976.]

Paul E. Peach, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Glenn A. Grampp, Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—This is an appeal by Defendant-Appellant, Richie Allen Cooper (Cooper), from a trial court judg-

ment convicting him of Possession of Injection Equipment (Count One) and Possession of Narcotics (Count Two), claiming that evidence presented at trial was the product of an illegal search and seizure and that the evidence was insufficient to sustain his convictions.

We affirm.

## FACTS

The facts and evidence most favorable to the State are:

On the evening of July 22, 1972, Indianapolis police officer, Theodore Hardy, was working as a security guard and parking lot attendant at LeChalet Restaurant at 1820 North Meridian Street in Indianapolis. He observed Cooper drive a 1964 green Chevrolet with two male passengers into the alley at the rear of the restaurant. Cooper stopped the car and all three men got out. Hardy then saw Cooper walk across the restaurant parking lot to the passenger's side of a green Buick belonging to Frank Kinney, a restaurant customer, and enter Kinney's Buick.

Because Hardy had recently parked Kinney's auto for him, he approached and asked Cooper what he was doing. When Hardy identified himself as a police officer, Cooper's companions fled. Hardy told Cooper to get out of the car and placed him under arrest.

As Hardy put Cooper in the back seat of his patrol car, he noticed heavy track marks indicating narcotics use on Cooper's arms. He then walked to the nearby Chevrolet which Cooper had parked in the alley. Standing by the driver's side he could see a small package with a needle sticking out of it lying on the driver's side of the front seat. He picked up the package and found that it contained a bottle cap with burn marks on the bottom, a syringe with a needle attached, and three needle covers.

On July 24, 1972, Cooper was charged by Affidavit with Possession of Injection Equipment and Third Degree Bur-

glary. The affidavit was subsequently amended to charge Possession of Injection Equipment and Possession of Heroin.

On January 12, 1973, Cooper filed a Motion to Suppress Evidence which had been seized from the car, contending it was the product of an illegal search. After a hearing the trial court entered the following order on March 21, 1973:

> Defendant's Motion to Suppress is overruled as to that part that was clearly visible in the vehicle, i.e.: a needle, it is sustained as to the contents of that which was wrapped up in the front seat of the vehicle.

A bench trial was held on March 26-27, 1973.

The State offered as evidence during the trial three exhibits which had been found in the car: Exhibit No. 1, the syringe needle which had been found sticking out of the white paper wrapper, and three needle covers; Exhibit No. 2, a bottle cap with burn marks on the bottom; and Exhibit No. 3, the white paper wrapper. When Cooper objected to the admission of these exhibits, the State orally requested the trial judge (who was not the same judge who had ruled on the Motion to Suppress) to reconsider the ruling on the Motion to Suppress. Because the trial judge was unclear as to what evidence had actually been suppressed at the prior hearing, he granted the request and ultimately admitted all the evidence which had previously been suppressed. At the behest of the defense, he agreed to review the transcript from the Motion to Suppress hearing, and after doing so decided that all the evidence was properly admissible.

Cooper was found guilty as charged and was sentenced to a term of one (1) to five (5) years on Count One (Possession of Injection Equipment) and two (2) to ten (10) years on Count Two (Possession of Narcotics). Cooper timely filed a Motion to Correct Errors which was overruled. This appeal follows.

## ISSUES

Three issues are presented for our consideration:[1]

ISSUE ONE—Did the trial court err in its reconsideration of Cooper's Motion to Suppress in that the State failed to file a Motion for Reconsideration and offered no basis for reconsideration?

ISSUE TWO—Was the admission of State's exhibits 1 and 2 error for the reason that they were obtained as a result of an illegal search and seizure?

ISSUE THREE—Was the evidence sufficient to sustain convictions for possession of narcotics and for possession of instruments adapted to the use of narcotics?

PARTIES' CONTENTIONS—As to ISSUE ONE, Cooper contends that his procedural rights were denied because the State failed to file a written petition for reconsideration of Cooper's Motion to Suppress or to offer a basis for reconsideration.

The State's response is that the uncertainty as to what evidence had been suppressed made reconsideration necessary.

As to ISSUE TWO, Cooper claims the State failed to show that the search and seizure fell within one of the recognized exceptions to the warrant requirement . . . and the State contends there was probable cause for the search.

As to ISSUE THREE, Cooper's position is that the evidence was insufficient to show he was in possession of narcotics and instruments adapted to the use of narcotics, that he had the specific intent required for conviction of possession of instruments adapted to the use of narcotics, or that a sufficient amount of narcotic was found to sustain a conviction for possession of narcotics.

---

1. Defendant's Motion to Correct Error raises as error the trial court's refusal to allow Defendant to withdraw his waiver of a jury trial after previously suppressed evidence was admitted. Because Defendant did not argue this issue in his brief, it is waived. AP. 8.3(A) (7); *Angel* v. *Behnke* (1975), 166 Ind. App. 541, 337 N.E.2d 503.

## DECISION

ISSUE ONE

CONCLUSION—It is our opinion that the trial court did not err in reconsidering Defendant's Motion to Suppress. A decision on a Motion to Suppress is not a final judgment. It is in fact nothing more than a ruling on a motion in a pending case which is subject to reconsideration. *Gasaway* v. *State* (1967), 249 Ind. 241, 231 N.E.2d 513.

At the trial Cooper objected to the admission of evidence previously suppressed, but he did not object because the State had failed to file a written motion for reconsideration and state the grounds therefor.

It is a well settled rule of appellate practice that error may not be predicated on the admission of evidence unless there was timely and specific objection in the trial court. *Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E.2d 98; *Winston* v. *State* (1975), 165 Ind. App. 369, 332 N.E.2d 229; *Hendley* v. *State* (1974), 160 Ind. App. 338, 311 N.E.2d 849. A failure to object at trial on the grounds argued on appeal constitutes a waiver and preserves no issue for this court to determine. *Garner* v. *State* (1975), 163 Ind. App. 573, 325 N.E.2d 511. Thus, Cooper has waived his right to object to the State's failure to file a written motion for reconsideration. Even were this not so, it is difficult to see how Cooper was harmed by the fact that the State made an oral motion for reconsideration instead of filing a formal petition.

It is our opinion that there was sufficient basis for reconsideration in this case. The record reveals that the court was unable to determine with certainty from the face of the suppression order alone what evidence had been suppressed.[2]

2. Court: The State of Indiana has attempted to introduce evidence as to State's Exhibit No. 2, which has not been admitted, offered or admitted into evidence at this time. Counsel for the defendant has objected to any testimony pertaining to State's Exhibit No. 2, which has been identified as "a cooker cap". The record in this cause shows

Under these circumstances it was proper for a Judge who did not rule on the Motion to Suppress to reconsider the evidence and the circumstances surrounding its seizure.

ISSUE TWO

CONCLUSION—The admission of Exhibits One (a needle, syringe and three needle covers) and Two (a bottle cap with burns in the bottom of it) was not error i.e. such evidence was not the product of an illegal search.

A search warrant is a condition precedent to a valid search and seizure. *Katz* v. *United States* (1967), 389 U.S. 347; *Ludlow* v. *State* (1974), 262 Ind. 266, 314 N.E.2d 750.

If a warrantless search occurs, it is incumbent on the State to demonstrate that the police action fell within one of the well established exceptions to the warrant requirement. *Vale* v. *Louisiana* (1970), 399 U.S. 30; *Ludlow* v. *State* (1974), 262 Ind. 266, 314 N.E.2d 750; *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133; *State* v. *Smithers* (1971), 256 Ind. 512, 269 N.E.2d 874.

A warrantless search and seizure is lawful if the officer has probable cause to suspect the area searched contains items which the officer is entitled to seize. *Chambers* v. *Maroney* (1970), 399 U.S. 42; *Lloyd* v. *State* (1975), 166 Ind. App. 248, 335 N.E.2d 232; *Tyler* v. *State* (1973), 155 Ind. App. 252, 292 N.E.2d 630; *Isaac* v.

---

that on March 21, 1973, before the Honorable Robert Hughes, Special Judge, the following was had: Defendant's Motion to Suppress was overruled as to that part that was clearly visible in the vehicle i.e. "a needle"; it is sustained as to the contents of that which was wrapped up in the front seat of the vehicle. The present court trying the case in chief today on March 26, 1973, after defendant having waived his constitutional right for trial by jury now finds that the entry heretofore made on March 24, 1973, is not sufficiently set out to permit the present trial judge to intelligently understand the entry for that reason, and for the reason that the evidence that has been heard by the present trial judge, the State's petition to reconsider the admissibility of State's Exhibit No. 2 is hereby granted and the Court will reconsider the admissibility of State's Exhibit No. 2 in light of the testimony given before this court on this date.

*State* (1971), 257 Ind. 319, 274 N.E.2d 231; *Patterson* v. *State* (1970), 253 Ind. 499, 255 N.E.2d 520.

Our inquiry, then, is to determine if the circumstances of this case are such as to indicate probable cause for Officer Hardy to open the package he found on the front seat of the auto driven by Cooper.

He testified that as he put Cooper in his patrol car preparatory to taking him to police headquarters, he noticed heavy track marks on Cooper's arms. Because he had arrested Cooper it became necessary for him to arrange for removal of Cooper's car parked in the alley.

Hardy walked over to the car for the purpose of checking it for valuables. As he stood there looking in the window, he noticed a small package with a needle sticking out of it lying on the front seat on the driver's side. Clearly, Officer Hardy had a right to stand in the alley and look into Cooper's car. Thus, the needle and package were subject to seizure under the "plain view" exception to the warrant requirement. Objects falling in plain view of an officer who has a right to be in a position to have that view are subject to seizure without a warrant. *Ford* v. *State* (1971), 257 Ind. 498, 275 N.E.2d 808; *Alcorn* v. *State* (1970), 255 Ind. 491, 265 N.E.2d 413; *Presley* v. *State* (1972), 152 Ind. App. 637, 284 N.E.2d 526. The combination of the needle marks on Cooper's arms and his view of the needle in the car Cooper had recently been driving created probable cause for Hardy to believe that the package from which the needle protruded contained contraband. *Lloyd, supra; Tyler, supra; Isaac, supra.*

Therefore, Exhibits 1 and 2 were properly admitted and considered by the court.

ISSUE THREE
CONCLUSION — There is sufficient evidence to sustain Cooper's convictions.

Cooper takes the position that the State failed to prove:

A.  He was in possession of narcotics and instruments adapted to the use of narcotics;

B.  He had the specific intent required for a conviction of possession of instruments adapted to the use of narcotics;

C.  He was in possession of an amount of narcotics sufficient to apply the drug to its common usage.

## A.

Cooper was convicted of Possession of Narcotics and Instruments Adapted for the Use of Narcotics:

(a)  It shall be unlawful for any person to manufacture, *possess, have under his control,* sell, prescribe, administer, dispense, compound or use any narcotic drug or drugs except as authorized in the laws of the United States or the State of Indiana, or for any person to be found in a public place under the influence of narcotic drugs.

\* \* \*

(c)  It shall be unlawful for any person to *possess or have under his control,* with intent to violate any provision of this Act [§§ 10-3519—10-3543a], any hypodermic syringe or needle or any instrument adapted for the use of narcotic drugs by injection in human beings. (emphasis supplied) Ch. 90, § 2, [1961] Ind. Acts 169, 171-72.

Was he in actual or constructive possession of narcotics and narcotic instruments?

Officer Hardy testified that on the evening of July 22, 1972, he observed Cooper and two others drive up the alley behind LeChalet Restaurant. Cooper got out of the car he had been driving, walked over to and got into a green Buick, and was then arrested by Hardy. Cooper's companions fled and Hardy found the injection equipment and the cooker cap containing heroin lying on the driver's side of the front seat of the auto Cooper had been driving.

This is sufficient circumstantial evidence of constructive possession to sustain the convictions. *Puckett* v. *State* (1975), 163 Ind. App. 258, 322 N.E.2d 716; *Rose* v. *State* (1972), 258 Ind. 377, 281 N.E.2d 486; *McGowan* v. *State* (1973), 156 Ind. App. 344, 296 N.E.2d 667; *Corrao* v. *State* (1972), 154 Ind. App. 525, 290 N.E.2d 484. Constructive possession need not be exclusive. The items may be possessed jointly by two or more persons without showing that any one person had actual physical control. *Corrao, supra.* Several Indiana cases quote with approval language from *Feltes* v. *People of Colorado* (1972), 178 Colo. 409, 414-415, 498 P.2d 1128, 1131:

> " 'A conviction of illegal possession may be based upon evidence that the marijuana, while not found on the person of the defendant, was in a place under his dominion and control. *Duran* v. *People,* 145 Colo. 563, 360 P.2d 132; *Gonzales* v. *People,* 128 Colo. 522, 264 P.2d 508. If possession is established, knowledge of the character of the drug and the fact that it is possessed can be inferred therefrom. [citation omitted.] Possession need not be exclusive and the substance can be possessed jointly by a person and another without a showing that the person had actual physical control thereof.' "[3]

Although at the time of his arrest Cooper was not in the car, only moments previously he had been driving the car. Officer Hardy stated that he had the car, Cooper, and his companions (until they fled) in view from the time Cooper drove into the alley. All three alighted from the car at the same time, and none reentered it.

These facts are sufficient to show that Cooper had dominion and control over the car in which the items were found and that he had constructive possession of them.

## B.

In order to sustain a conviction for possession of instruments adapted to the use of narcotics, the State must prove

---

3. *Thomas* v. *State* (1973), 260 Ind. 1, 5, 291 N.E.2d 557, 559; *Weingart* v. *State* (1973), 157 Ind. App. 597, 301 N.E.2d 222, 225; *Corrao* v. *State, supra* at 533, 290 N.E.2d at 487-488.

not only that Defendant was in possession of the instruments, but also that he had a specific intent to use them illegally. This intent may be proven inferentially from a number of circumstances. *Irvin* v. *State* (1972), 258 Ind. 528, 282 N.E.2d 825; *Eskridge* v. *State* (1972), 258 Ind. 363, 281 N.E.2d 490; *Dabner* v. *State* (1972), 258 Ind. 179, 279 N.E.2d 797; *Stevens* v. *State* (1971), 257 Ind. 386, 275 N.E.2d 12; *Taylor* v. *State* (1971), 256 Ind. 170, 267 N.E.2d 383; *Von Hauger* v. *State* (1971), 255 Ind. 666, 266 N.E.2d 197; *Bradley* v. *State* (1972), 153 Ind. App. 421, 287 N.E.2d 759; *Sargent* v. *State* (1972), 153 Ind. App. 430, 287 N.E.2d 795.

This case closely parallels the factual setting in *Stevens, supra.* In *Stevens,* specific intent was satisfactorily demonstrated by testimony that Defendant had needle marks and Defendant's admission of past use of narcotics.

An experienced police officer from the Narcotics Branch testified that Cooper had needle or track marks on his arm, some of which were not more than three days old at the time of his arrest. Furthermore, Cooper admitted a prior conviction for narcotics violation and that he had been a user of narcotics.

We find that these circumstances satisfy the specific intent requirement.

## C.

Cooper asserts the State failed to prove he was in possession of a narcotic substance. This assertion is in two parts.

The first part consists of his unfounded contention that none of the State's witnesses positively identified the residue obtained from the cooker cap as a narcotic substance. On direct examination, the State's witness, forensic chemist Officer Phillips, did not state the kind of drug he found a

trace of on the cooker cap, but on cross-examination, he satisfactorily identified the trace as heroin.[4]

The second part of Cooper's contention presents a more difficult and novel question. He maintains that the State's proof as to the substance found is inadequate because there was no testimony indicating the amount obtained and that the testimony indicated the amount was a mere residue and was insufficient for usage as a dose.

It is well established that the State need not plead or prove that any particular amount of narcotic drug was found. *Lander* v. *State* (1958), 238 Ind. 680, 154 N.E.2d 507; *Heldman* v. *State* (1975), 163 Ind. App. 395, 324 N.E.2d 281.

However, Cooper would have us conclude that if the amount of narcotic substance found is so small as to be less than a usable amount, a conviction for possession of narcotic drugs should not be sustained. Though this question has been settled in other jurisdictions, we find no Indiana cases deciding this point.

The decisions generally fall into two categories. Some courts take the position that the amount is immaterial (majority rule).[5] Others hold that there must be an amount sufficient to apply the drug to its common usage[6] or that the presence of the narcotic must be reflected in such a form

---

4. Q. The heroin, that you were speaking of, what was the weight that you were speaking of?
A. We don't make a determination of the weight of the residue ...
Q. Was it a trace?
A. There was a trace, there.

5. *U.S.* v. *Jeffers* (1975), 524 F.2d 253; *Schenher* v. *State* (1956), 38 Ala. App. 573, 90 So.2d 234; *Mickens* v. *People* (1961), 148 Colo. 237, 365 P.2d 408; *Peachie* v. *State* (1953), 203 Md. 239, 100 A.2d 1; *State* v. *Young* (Mo. 1968), 427 S.W.2d 510; *Robbs* v. *Commonwealth* (1970), 211 Va. 153, 176 S.E.2d 429; *State* v. *Dodd* (1965), 28 Wis.2d 643, 137 N.W.2d 465. See Annot., 91 ALR 2d 810 (1963).

6. *State* v. *Moreno* (1962), 92 Ariz. 116, 374 P.2d 872; *Edelin* v. *U.S.* (D.C. 1967), 227 A.2d 395; *Pelham* v. *State* (1957), 164 Tex. Cr. App. 226, 298 S.W.2d 171.

as reasonably imputes knowledge to the Defendant (minority rule.)[7]

One jurisdiction, Michigan, has adopted an intermediate view:

> It is our judgment that a reasonable compromise between the minority and majority views has been proposed in the article "Drugs and the Criminal Law", 12 Crim. Law Quarterly 254 (July, 1970). Arthur C. Whealy there suggests that the facts and circumstances in each case be viewed to determine if it can be reasonably inferred that the quantity of narcotic actually discovered is but a remnant of a larger, usable amount. If that inference can be made, illegal possession is established.
>
> The facts of this case demonstrate the propriety of Mr. Whealy's suggestion. We adopt it as the rule applicable in Michigan to unlawful possession of narcotic drug prosecutions. *People* v. *Harrington* (1971), 33 Mich. App. 548, 550, 190 N.W.2d 343, 344-345.

However, "a remnant of a larger usable amount" seems somewhat ambiguous.

More persuasive is the majority view which is propounded in *State* v. *Dodd, supra:*

> The majority rule seems to be that possession of a modicum of an illegal drug is sufficient to bring the defendant within the purview of the statute. *Mickens* v. *People, supra; Peachie* v. *State, supra; Schenher* v. *State* (1956), 38 Ala. App. 573, 90 So.2d 234; *People* v. *Norman* (1962), 24 Ill.2d 403, 182 N.E.2d 188; *People* v. *Marich* (1962), 201 Cal. App.2d 462, 19 Cal. Rptr. 909.
>
> [6] A modicum means a little or a small quantity and this is to be understood in relationship to the nature of the drug. The amount need not be a usable amount and it was said the quantity of the drug possessed is not material. *Peachie* v. *State, supra.* This view is taken because the statute does not prescribe any minimum amount which must exist. Narcotics are contraband and dangerous, causing untold harm to users and to the public by illegal use. A more liberal interpretation favorable to drug addicts and those illegally dealing in narcotics cannot reasonably

7. *People* v. *Leal* (1966), 64 Cal. 2d 504, 413 P.2d 665; *People* v. *Aguilar* (1963), 223 Cal. App. 2d 119, 35 Cal. Rptr. 516.

be given. Dodd relies on *State* v. *Moreno* (1962), 92 Ariz. 116, 374 P.2d 872, and *People* v. *Pippin* (1962), 16 A.D.2d 635, 227 N.Y.S.2d 164, but to the extent those cases stand for a rule that a usable amount of a narcotic is necessary for conviction, we refuse to follow them. 28 Wisc.2d 643, 651, 137 N.W.2d 465, 469.

The statute under which Cooper was convicted makes no mention of an amount of drug necessary to sustain a conviction. It is reasonable to conclude, then, that the legislature intended that any identifiable amount be sufficient.

The decision of the trial court is affirmed.

Sullivan, J. and Garrard, J. (by designation) concur.

NOTE.—Reported at 357 N.E.2d 260.