FRANK BROWN *v.* STATE OF INDIANA

[No. 3-178A14. Filed September 28, 1978.]

*Francis J. Schafer, Jr.*, of Merrillville, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *David Michael Wallman*, Deputy Attorney General, for appellee.

STATON, J.—A jury found Frank Brown guilty of possession of two separate drugs. Brown filed a belated motion to correct errors and perfected this appeal. Three issues are before us:

(1) Did the court err in denying Brown's motion to suppress?

(2) Was Brown deprived of effective representation?

(3) Was .009 grams of phencyclidine properly admitted into evidence?

Brown has not demonstrated reversible error. We affirm.

## I.

### Motion to Suppress

Police officers stopped to talk to two known drug dealers. Brown was with those individuals, but when the unmarked police car stopped, Brown began to walk away. He was told to stop, and he was asked for identification. A tinfoil packet dropped to the ground from Brown's left pocket. An officer retrieved the packet, opened it, found an off-white powder, and placed Brown under arrest. Brown was read his rights. In the ride to the police station, Brown stated that the drugs were not his; they belonged to his girl friend. At the station, Brown was subjected to a strip search which revealed another tinfoil packet. He was again advised of his rights. Laboratory tests showed that the first packet contained .13 grams of 5.5% heroin hydrochloride, and the second packet contained .009 grams of phencyclidine. Brown moved to suppress the physical evidence as well as statements he made during the trip to the station. The trial court denied the motion.

In circumstances of possible criminal activity, a police officer is justified in detaining an individual to obtain identification. IC 1971, 35-3-1-1, Ind.Ann.Stat. § 9-1048 (Burns Code Ed.). In this case, three experienced narcotics officers observed two known drug dealers on a public street corner talking to Brown. Brown

started to leave; the officers were justified in stopping him. At least two of the officers had badges clearly visible on their belts. Once the tinfoil inadvertently dropped to the ground, it was in plain view, and the officers were entitled to open it. *See Ludlow v. State* (1974), 262 Ind. 266, 314 N.E.2d 750. Brown had been advised of his rights before he was placed in the car for transportation to the station. He made statements during the ride. Two officers testified explicitly that the statements did not result from questioning: "[W]e do not interrogate our prisoners in the car." The admission of the officers' account of Brown's volunteered statements (made after Brown had been apprised of his rights) was not error. The trial court was correct in overruling Brown's motion to suppress.

## II.

### Effective Representation

Brown's defense attorney did not object to the admission of the drugs or the admission of Brown's volunteered statement. Brown argues that since the failure to object at trial waived the error on appeal (*Tyner v. State* [1975], 166 Ind.App. 45, 333 N.E.2d 857), such failure illustrates that Brown was deprived of effective representation. The Indiana Supreme Court has held that a total failure to object to certain errors in the trial proceeding does not necessarily constitute incompetency. *Lowe v. State* (1973), 260 Ind. 610, 298 N.E.2d 421. The test for ineffective representation is whether the trial has become a mockery of justice shocking to the conscience of the reviewing court. *Bucci v. State* (1975), 263 Ind. 376, 332 N.E.2d 94. Brown's attorney filed proper motions, conducted extensive cross-examination, and prepared Brown's defense. We have reviewed the record, and we cannot say that Brown's representation was ineffective. And, we have held that the evidence was properly admitted at trial. No reversible error has been shown.

## III.

### Amount of Drugs

Brown argues that .009 grams of phencyclidine was insufficient to demonstrate intent to use the drug; therefore, the drug should not have

been admitted into evidence. The Indiana Court of Appeals addressed this theory in *Cooper v. State* (1976), 171 Ind. App. 350, 357 N.E.2d 260:

"Narcotics are contraband and dangerous, causing untold harm to users and to the public by illegal use. A more liberal interpretation favorable to drug addicts and those illegally dealing in narcotics cannot reasonably be given.... [B]ut to the extent those cases [cited from other jurisdictions] stand for a rule that a usable amount of a narcotic is necessary for conviction, we refuse to follow them." (Citations omitted.)

*Id.* at 267. The Court held that *any* identifiable amount of an illegal drug is sufficient to convict a defendant for possession of the same. Laboratory tests identified .009 grams of phencyclidine, a schedule III controlled substance.[1] That was a sufficient amount to support Brown's conviction.

The judgment is affirmed.

Garrard, P.J. and Hoffman, J., concur.

NOTE — Reported at 380 N.E.2d 609.

---

1. IC 1971, 35-24.1-2-8(c)(9) (Burns Code Ed.) now IC 1971, 35-48-2-8(c)(9) (Burns Code Ed.).