**Richard BEELER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0307–CR–373.

Court of Appeals of Indiana.

May 7, 2004.

Transfer Denied July 8, 2004.

David Becsey, Zeigler Cohen & Koch, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

MATHIAS, Judge.

Richard Beeler ("Beeler") was convicted of Class D felony possession of cocaine [1] in Marion Superior Court. He appeals arguing that the State failed to present sufficient evidence to support his conviction for possession of cocaine. We affirm.

**Facts and Procedural History**

On October 3, 2000, Indianapolis Police Officer Paul Vanek ("Officer Vanek") initiated a traffic stop of a vehicle driven by Beeler after Beeler disregarded a red light. During the stop, Beeler could not produce a driver's license or registration. Officer Vanek subsequently discovered that Beeler's driver's license was suspended and there was an outstanding warrant for Beeler's arrest. Beeler was placed under arrest, and during a search incident to that arrest, Officer Vanek discovered a black electronic scale in Beeler's back pocket.

Officer Vanek placed the scale on the trunk of Beeler's car. At Vanek's request, an officer with a narcotics trained canine arrived on the scene. The canine indicated the presence of narcotics on the scale. The scale was later tested by a crime lab chemist, who rinsed the scale with methanol, and concluded that residue on the scale was cocaine.[2]

On October 4, 2000, Beeler was charged with Class D felony possession of cocaine and Class A misdemeanor driving while suspended.[3] After several continuances, a

---

1. Ind.Code § 35–48–4–6 (1998 & Supp.2003).

2. There was no testimony at trial regarding whether the residue on the scale was visible.

3. Beeler was also charged with conversion, but that charge was dismissed.

bench trial commenced on November 1, 2002. At trial, Beeler and the State entered into the following stipulation:

> Chemist Palfi rinsed the scale with, ... methanol to perform an analysis. His analysis indicated a cocaine residue was in fact cocaine. That there is a process by which an amount could have been discerned but it's not generally done and was not done in this case and now cannot be done. And Chemist Palfi cannot now identify an amount but can identify that this rinse residue is in fact cocaine.

Tr. p. 34. Beeler testified that he borrowed the scale from a friend because he was going to buy cocaine. Tr. pp. 38–39. He also stated that he did not know that there was cocaine residue on the scale. Tr. p. 38.

Beeler was found guilty of Class D felony possession of cocaine. At the sentencing hearing held on December 6, 2002, the trial court found that Beeler's trial testimony was not credible and wanted to make a record of that determination in the event of an appeal. Tr. pp. 96–97. Beeler was then sentenced to serve three years, with one year executed in home detention and two years suspended. On July 28, 2003, Beeler filed a belated notice of appeal.

## Standard of Review

■ Our standard of review for sufficiency claims is well settled. We neither reweigh the evidence nor judge the credibility of the witnesses. *Cox v. State,* 774 N.E.2d 1025, 1029 (Ind.Ct.App.2002). We only consider the evidence most favorable to the judgment and the reasonable inferences that can be drawn therefrom. *Id.* Where there is substantial evidence of probative value to support the judgment, it will not be disturbed. *Armour v. State,* 762 N.E.2d 208, 215 (Ind.Ct.App.2002), *trans. denied.*

## Discussion and Decision

■ To sustain a conviction for Class D felony possession of cocaine, the State had to prove that Beeler, "without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally" possessed cocaine. *See* Ind.Code § 35–48–4–6 (1998 & Supp.2003). Beeler argues that the evidence is insufficient to support his conviction for possession of cocaine because the State "proceeded to trial without evidence of visible material and without evidence of a measurable amount of drug.... Mr. Beeler did not knowingly or intentionally possess something that was not visible, was present in a microscopic quantity, and was not measured." Br. of Appellant at 2.

Relying on *Brown v. State,* 177 Ind.App. 607, 380 N.E.2d 609 (1978), the State argues that "[a]ny identifiable amount of an illegal drug is sufficient to convict a defendant for possession of the same." Br. of Appellee at 3. In *Brown,* the defendant was seen dropping a tinfoil packet to the ground. 177 Ind.App. at 608, 380 N.E.2d at 610. A police officer retrieved the packet and discovered that it contained an off-white powder, later identified as heroin hydrochloride. *Id.* The officer arrested the defendant and during a search incident to his arrest, the officer found another tinfoil packet that contained .009 grams of phencyclidine. *Id.* On appeal, the defendant argued that .009 grams was an insufficient amount to support his conviction for possession of phencyclidine, a schedule III controlled substance. *Id.* at 609–10, 380 N.E.2d at 611. Citing *Cooper v. State,* 171 Ind.App. 350, 363, 357 N.E.2d 260, 267 (1976), our court concluded that .009 grams of phencyclidine was an identifiable amount of an illegal drug, and therefore, the defendant's conviction was supported

by sufficient evidence. *Id.* at 610, 380 N.E.2d at 611.

In *Cooper*, after the defendant was placed under arrest, the arresting officer observed a small package with a needle sticking out of it lying on the front seat of the defendant's vehicle. 171 Ind.App. at 352, 357 N.E.2d at 262. The package contained a bottle cap with burn marks on the bottom and a syringe with a needle attached. *Id.* A residue present on the bottle cap was later identified as heroin. *Id.* at 361, 357 N.E.2d at 266.

Appealing his conviction for possession of narcotics, the defendant argued that "the State's proof as to the substance found is inadequate because there was no testimony indicating the amount obtained and that the testimony indicated the amount was a mere residue and was insufficient for usage as a dose." *Id.* Our court declined to follow those jurisdictions which require the State to prove the defendant was in possession of a "useable amount," [4] and adopted the rule that the State need only establish that the defendant possessed an "identifiable amount" of the controlled substance.[5] *Id.* at 362–63, 357 N.E.2d at 266–67.

We therefore agree with the State that, in general, it must only prove that the defendant possessed an identifiable amount of cocaine. However, pursuant to Indiana Code section 35–48–4–6, the State must also establish that the defendant *knowingly* or *intentionally* possessed cocaine.

A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so. A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.

Ind.Code § 35–41–2–2 (1998).

Circumstantial evidence presented in both *Brown* and *Cooper* established that the defendant in those cases knowingly possessed the minuscule amount of the controlled substance at issue. In *Brown*, the defendant was in possession of two tinfoil packets, one containing .13 grams of heroin hydrochloride, which dropped from the defendant's pocket after police officers asked him for his identification, and one containing .009 grams of phencyclidine found during the search incident to the defendant's arrest. 177 Ind.App. at 608,

---

**4.** A minority of jurisdictions require proof of possession of a useable amount of a controlled substance. *See e.g. State v. Murphy*, 117 Ariz. 57, 62, 570 P.2d 1070, 1075 (1977); *Harbison v. State*, 302 Ark. 315, 790 S.W.2d 146, 150–51 (1990); *People v. Rubacalba*, 6 Cal.4th 62, 23 Cal.Rptr.2d 628, 859 P.2d 708, 710 (1993).

**5.** In reaching that conclusion, our court relied on a decision from the Wisconsin Supreme Court, in which that court observed:

The majority rule seems to be that possession of a modicum of an illegal drug is sufficient to bring the defendant within the purview of the statute.

A modicum means a little or a small quantity and this is to be understood in relationship to the nature of the drug. The amount need not be a usable amount and it was

said the quantity of the drug possessed is not material. This view is taken because the statute does not prescribe any minimum amount which must exist. Narcotics are contraband and dangerous, causing untold harm to users and to the public by illegal use. A more liberal interpretation favorable to drug addicts and those illegally dealing in narcotics cannot reasonably be given. Dodd relies on *State v. Moreno* (1962), 92 Ariz. 116, 374 P.2d 872, and *People v. Pippin* (1962), 16 A.D.2d 635, 227 N.Y.S.2d 164, but to the extent those cases stand for a rule that a usable amount of a narcotic is necessary for conviction, we refuse to follow them.

*Id.* (quoting *State v. Dodd*, 28 Wis.2d 643, 651, 137 N.W.2d 465, 469 (1965) (internal citations omitted)).

380 N.E.2d at 610. Additionally, the defendant told the officers that the drugs were not his. *Id.* In *Cooper,* the arresting officer observed a small package in the defendant's vehicle, which contained a bottle cap with burn marks on the bottom and a syringe with a needle attached. 171 Ind.App. at 352, 357 N.E.2d at 262. The residue on the cap was later identified as heroin, and the defendant had heavy track marks on his arms, indicating narcotics use. *Id.*

In this case, during the search incident to Beeler's arrest, Officer Vanek found the electronic scale in Beeler's pants pocket. While we observe that an electronic scale could be utilized for a legitimate, legal purpose, because cocaine residue was present on the scale found in Beeler's pocket, a reasonable person could infer that the scale was used for weighing cocaine. Further, there is no question that Beeler knowingly possessed the scale found in his pants pocket. Finally, Beeler admitted that he obtained the scale for the purpose of buying cocaine. Tr. p. 39.

Under these facts and circumstances, evidence was presented from which the trier of fact could infer that Beeler knowingly or intentionally possessed the cocaine residue found on the electronic scale, and therefore, the evidence was sufficient to support his conviction for possession of cocaine.

Affirmed.

SHARPNACK, J., and VAIDIK, J., concur.