**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JENNIFER A. JOAS**
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| EDWARD L. HUMES, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No.  39A01-1305-CR-211 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE JEFFERSON SUPERIOR COURT
The Honorable Alison T. Frazier, Judge
Cause No. 39D01-1110-FB-963

**December 31, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Following his convictions for Possession of Cocaine,[1] a class D felony, Possession of a Synthetic Cannabinoid,[2] a class A misdemeanor, and Resisting Law Enforcement,[3] a class A misdemeanor, appellant-defendant Edward L. Humes challenges the appropriateness of the ten-year aggregate sentence that was imposed, which included a seven-year enhancement on the cocaine possession conviction for being an Habitual Substance Offender.[4] We conclude that the sentence was not inappropriate when considering the nature of the offenses and Humes's character.

FACTS

On October 16, 2011, Madison Police Department Officers arrested Humes and charged him with dealing in cocaine. Although Humes struggled with the officers, he was eventually subdued and transported to the Jefferson County jail. When Humes was searched at the jail, other law enforcement personnel found an additional bag on Humes's person that contained several pills. This substance later tested positive for a synthetic cannabinoid.

---

[1] Ind. Code § 35-48-4-6.

[2] I.C. § 35-48-4-11; I.C. § 35-48-2-4(d).

[3] Ind. Code § 35-44-3-3 (current version I.C. § 35-44.1-3-1).

[4] Ind. Code § 35-50-2-10.

Because Humes's arrest involved drugs, jail policy required that Humes be strip searched. While at the jail, Humes refused to cooperate and became combative with the police officers. As a result, Humes was tased and handcuffed.

On March 15, 2013, a jury convicted Humes of the above offenses, and determined that Humes was an habitual substance offender. On April 22, 2013, the trial court conducted a sentencing hearing and identified Humes's criminal history as an aggravating factor. The trial court found that Humes has amassed seven felony convictions and at least six misdemeanor convictions. The trial court also found that Humes was not a good candidate for probation because prior attempts at such services and rehabilitation had not been successful. The trial court recognized that Humes was a trustee at the jail and displayed good behavior while incarcerated, which it identified as a mitigating circumstance.

The trial court then determined that the aggravating factors outweighed the mitigating circumstance and sentenced Humes to three years for possession of cocaine as a lesser offense of dealing in cocaine, to one year for possession of a synthetic cannabinoid, and to one year for resisting law enforcement to run concurrently.[5] The trial court also enhanced Humes's sentence for possession of cocaine by seven years, in light of the habitual substance offender finding. As a result, Humes was sentenced to an aggregate term of ten years of incarceration. He now appeals.

---

[5] The sentencing range for a class D felony is from one and one-half years to three years with an advisory term of one and one-half years. Ind. Code § 35-50-2-7. Indiana Code section 35-50-3-2 provides that "A person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year; in addition, he may be fined not more than five thousand dollars ($5,000)."

We will revise a sentence authorized by statute only "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The defendant has the burden of demonstrating that his sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

As for the nature of the offenses, the evidence established that Humes possessed several knotted bags of cocaine that totaled 1.49 grams and 1.48 grams of synthetic cannabinoid. The total amount in Humes's possession was well above the amounts that are required for mere possession of either substance. See Brown v. State, 177 Ind.App. 607, 609, 380 N.E.2d 609, 611 (1978) (holding that any identifiable amount of an illegal drug is sufficient to convict a defendant for possession of the same).

Regarding the charge of resisting law enforcement, Humes refused to comply with the officers' commands to cooperate with the search at the scene of the arrest and at the jail and fought with them. Tr. p. 267-68, 274, 346. In light of Humes's noncooperation with the police officers at the jail, he eventually had to be tased and restrained. Id. at 274-75, 290. In short, Humes's nature of the offense argument avails him of nothing.

As for Humes's character, the record shows that he has a lengthy criminal history that began in 1998. Since that time, Humes has been convicted of seven felonies and at least six misdemeanors. Appellant's App. p. 252-54; State's Ex. 1-15. Although Humes

wrote a letter to the trial court in March 2000 apologizing for his actions and vowing to change his ways, he has continued to engage in criminal activity.

Humes admitted at the sentencing hearing that his prior convictions related to his decision to repeatedly abuse drugs and alcohol. Tr. p. 529. Humes also admitted that he escaped from home detention and relapsed despite treatment for substance abuse. Id. at 523, 525-26. In sum, Humes has failed to show that the ten-year sentence is inappropriate.

The judgment of the trial court is affirmed.

NAJAM, J., and CRONE, J., concur.