[Crim. No. 13763. Second Dist., Div. One. Apr. 2, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. HENRIETTA HARRIS MARINOS, Defendant and Appellant.

Mitchell J. Grossman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Kenneth P. Scholtz, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of possessing marijuana in superior court case No. 287,955 and from a judgment of possessing marijuana in superior court case No. 315,044.

In an information filed in Los Angeles on May 7, 1964, defendant was charged with possessing marijuana on April 14, 1964. She pleaded not guilty and ultimately was found guilty. Proceedings were suspended and probation was granted for five years, a part of the terms being that she pay a $250 fine, that she not use or possess any narcotics or narcotics paraphernalia, that she not associate with narcotics users or peddlers, that she have no dangerous drugs in her possession (without a medical prescription), that she undertake and continue with a prescribed plan for therapy in consultation with a psychiatrist and that she obey all laws.

On March 7, 1967, defendant was found to be in violation of probation. The violation was then set aside. The order of June 9, 1966, revoking probation was vacated and set aside and defendant was restored to probation and probation was modified to provide for a term of five years under the same terms as ordered in superior court case No. 315,044, except the conditions therein providing for a fine.

In an information filed in Los Angeles on December 21, 1965, defendant was charged with possessing marijuana on October 14, 1965. Defendant pleaded not guilty. In a trial without a jury, in which defendant did not testify or offer any evidence in defense of the charge, she was found guilty as charged. On June 9, 1966, defendant was referred to the Department of Corrections for observation and diagnosis and report. The order of June 9th was repeated on August 4, 1966. Criminal proceedings were reinstated and on March 7, 1967, defendant was placed on probation for five years, a part of the terms being that she pay a fine of $150, that she not possess any narcotics or narcotics paraphernalia and that she not associate with narcotic sellers or users and that she obey

all laws. Defendant filed a notice of appeal from "Case #287955 and 315044 appeal from Judgment set forth March 7th, 1967."

A résumé of some of the facts is as follows: Officer Norris of the Los Angeles Police Department was familiar with the terminology used by narcotics users and with the odor and appearance of marijuana. Officer Norris saw defendant at about 2 a.m. on October 14, 1965, in front of a bar where the attendants apparently were attempting to close the place for the night. Defendant was in the doorway embracing the bartender who was attempting to persuade her to leave the place. After leaving the bar defendant approached Officer Norris (who was in plain clothes) and a person named Plotkin, and asked them, Officer Norris and Plotkin, if they would like to go to a sex party where there would also be some "pot." Officer Norris advised his partner Officer Scherrer (who was also in plain clothes) of the conversation. Officer Norris, Plotkin and defendant then drove in Plotkin's Lincoln Continental car to defendant's apartment followed by Officer Scherrer and Plotkin's female friend in an unmarked police car. The cars arrived at the defendant's apartment and Officer Norris upon the invitation of defendant entered her apartment. Defendant directed Officer Norris to wait for her in her living room and there Officer Norris heard a small child's voice inquire, "Is that you, Mommy?" and defendant replied, "Yes, it's me. I'm going out again, however." As defendant and Officer Norris were preparing to leave the apartment, Officer Norris having previously been told by defendant that she would "pick up some pot at her apartment" inquired of defendant, "Did you remember to get the weed?" and she answered, "Yes, I've got it." Officer Norris after going outside advised Officer Scherrer of the conversation with defendant and then invited defendant to ride with them to the party because Plotkin's girl friend wanted to ride with him. Defendant got into the unmarked police car driven by Officer Scherrer and sat between the driver and Officer Norris. As they started to drive off to the party, Officer Norris smelled the odor of marijuana and saw defendant smoking a small loosely-wrapped cigarette. Officer Norris said to defendant, "You have made a mistake. We are police officers." She quickly flipped the "roach" past the face of the driver and out the open window on the driver's side. The car was immediately stopped and an effort was made to find the "roach." Defendant was placed under arrest for the posses-

sion of marijuana and she was advised of all of her constitu-
tional rights. Defendant was "pretty well intoxicated" at a
time about one hour after Officer Norris first saw her and at
the time of the arrest. When the roach could not be found in
the dark uncurbed street, defendant was asked "where the
rest of the weed" was and she stated that it was in her purse.
She then produced a bag partially filled with what the officer
believed to be marijuana. When asked where the cigarette
papers were she produced them from her brassiere. The items
were booked as evidence. Defendant gave several conflicting
stories as to where she had secured the marijuana, at one time
even stating that she had grown it herself. Counsel for
defendant objected to the introduction of the marijuana into
evidence apparently upon the ground that defendant was too
intoxicated. The court upon its own motion held in effect that
the contraband in the purse was discovered through the
admissions of defendant, that because of the bizarre conduct
of the defendant the prosecution had not "met their burden
of showing her understanding" of her constitutional rights
as related to her by the officers and that the physical evidence
(marijuana found in the purse) would not be introduced into
evidence. The court went on further to relate that such a
ruling did not result in an acquittal of defendant and said,
"I just don't have any reasonable doubt that she had a mari-
juana cigarette in her possession. There isn't a shadow of a
doubt in my mind. The officer said it was very loosely rolled.
He said it had the odor of marijuana. I don't have any doubt
at all." Defendant was found guilty as charged.

Appellant now asserts that the evidence is insufficient to
support the judgment, that certain evidence was obtained in
violation of her right to counsel and that she was entrapped.
Appellant's contentions are without merit.

 The corpus delicti can be proved by circumstantial
evidence. Guilt of possession of a narcotic may be established
without introducing the narcotic in question into evidence. In
other words the prosecution need not physically produce the
narcotic to sustain a proper conviction of possession of
narcotics. In the case at bench the officer who testified
had had many years of experience in the business, his testi-
mony was not objected to, he said that in his opinion the
cigarette smoked by appellant contained marijuana. His opin-
ion was in part based upon the odor and appearance of the
cigarette. See *People* v. *Candalaria,* 121 Cal.App.2d 686 [264
P.2d 71]; *People* v. *Cullen,* 37 Cal.2d 614, 624 [234 P.2d 1];
*People* v. *Ives,* 17 Cal.2d 459, 463 [110 P.2d 408]; *People* v.

*Tipton,* 124 Cal.App.2d 213 [268 P.2d 196]; *People* v. *Corrales,* 34 Cal.2d 426 [210 P.2d 843]; *People* v. *Mehaffey,* 32 Cal.2d 535 [197 P.2d 12]; *People* v. *Ihm,* 247 Cal.App.2d 388, 392 [55 Cal.Rptr. 599]; *People* v. *Winston,* 46 Cal.2d 151 [293 P.2d 40]; *People* v. *Gallagher,* 168 Cal.App.2d 417, 423 [336 P.2d 259]; *People* v. *Rios,* 127 Cal.App.2d 620 [274 P.2d 163].

We cannot say as a matter of law that there was not substantial evidence to support the finding that appellant possessed marijuana.

Appellant asserts that the act of smoking the marijuana cigarette while in "custody" was an admission and that she had not at that time been advised of her rights under *Miranda.* First, no objection was made at the trial to the testimony in question and the matter cannot be raised on appeal for the first time. See *People* v. *Lopez,* 253 Cal.App.2d 377, 381 [61 Cal.Rptr. 605]; *People* v. *Palmer,* 236 Cal. App.2d 645, 650 [46 Cal.Rptr. 449]. *Miranda* does not apply to this particular proceeding for the reason that the trial took place prior to June 13, 1966. See *People* v. *Rollins,* 65 Cal.2d 681, 683 [56 Cal.Rptr. 293, 423 P.2d 221]. In any event the act of smoking the cigarette was not an admission or a confession—it was the criminal act itself and to this point in time at least the police are not required to advise an accused of his constitutional rights prior to the commission of a criminal act in their presence. (*People* v. *Ayers,* 237 Cal.App.2d 351, 354 [46 Cal.Rptr. 878] (cert. denied, 384 U.S. 912 [16 L.Ed.2d 364, 86 S.Ct. 1355].)

The quick disposal of the cigarette by appellant was not in response to a process of interrogation. (*People* v. *Lopez,* 253 Cal.App.2d 377 [61 Cal.Rptr. 605]; *People* v. *Mercer,* 257 Cal.App.2d 244, 246-247 [64 Cal.Rptr. 861]. The act was wholly spontaneous. (*People* v. *Hines,* 66 Cal.2d 348, 353 [57 Cal.Rptr. 757, 425 P.2d 557].)

Appellant was not entrapped. Appellant invited the officers to a sex and "pot" party. The crime did not originate with the officers. (See *People* v. *Benford,* 53 Cal.2d 1, 10 [345 P.2d 928]; *People* v. *Sweeney,* 55 Cal.2d 27, 49 [9 Cal.Rptr. 793, 357 P.2d 1049]; *People* v. *Munoz,* 198 Cal.App.2d 649, 656-657 [18 Cal.Rptr. 82]; *People* v. *Marsden,* 234 Cal.App.2d 796, 798 [44 Cal.Rptr. 728].)

The order granting probation in superior court case numbered 315,044 and the order extending probation in case numbered 287,955 are, and each is, affirmed.

Wood, P. J., and Lillie, J., concurred.