VON HAUGER, III *v*. STATE OF INDIANA.

[No. 670S131. Filed February 5, 1971.]

*Frederick B. Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *R. Michael Bruney,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—The appellant was indicted, charged and convicted of a violation of the 1935 Narcotics Act, as amended. The essence of the charge was that on the 20th day of February, 1969, in Marion County, State of Indiana, he had in his possession and control certain instruments, to-wit: a syringe, plunger, needle, etc., with intent to unlawfully use such items for administering narcotic drugs, which instruments were adopted for such use.

The evidence reveals that on February 20, 1969, the appellant was in front of a restaurant on East 16th Street in the City of Indianapolis at about 3:40 in the morning. Indianapolis police officers were across the street and saw the defendant holding a paper sack in his hand, standing with

another person in front of the restaurant. When the appellant saw the officers he moved the sack around behind him and walked down the alley towards an automobile which was parked and running near the restaurant. When the appellant saw the officers coming towards him he dropped the sack by a cement post. The police retrieved the sack, examined the contents, and found the articles named in the indictment. Thereupon they stopped the appellant and arrested him. In the paper sack the following items were found:

1. A nylon hose with knots in it so it could be used as a tourniquet.
2. An eye dropper with a needle on the end of it which was hollow inside to be used to draw liquids into the eye dropper and used to inject the liquid into the human body.
3. An extra rubber plunger.
4. A cooker, or metal cap with a wire handle, in which a liquid and narcotic drug are mixed to put into a liquid form for injection into the body.
5. A plastic hose containing two professional syringes, or needles.
6. Another plastic hose containing one professional hypodermic needle.
7. A hypodermic needle that goes on a disposable syringe and is adaptable to eye dropper use.
8. A plunger for a disposable syringe.
9. Three needle guards.
10. Extra rubber that goes on the end of the eye dropper.
11. A plastic vial which contains one bullet, a razor blade, and numerous empty number five gelatin capsules which for narcotic use are filled with heroin and cut with another product to get a mixture down to a proper percentage to avoid overdoses.

The statute, Burns' Indiana Stat. Anno. § 10-3520(c) (1970 Cum. Supp.), upon which the charge is based reads as follows:

"(c) It shall be unlawful for any person to possess or have under his control, with intent to violate any provision of this act [§§ 10-3519—10-3543], any hypodermic syringe or needle or any instrument adapted for the use of narcotic

drugs by injection in a human being."

The appellant contends that the necessary elements of a crime under the above quoted statute are:

1. Possession.
2. Intent to unlawfully use the possessed instruments.
3. The instruments were adapted for the use of administering narcotic drugs.

There is no question under the evidence that possession was proved in this case and we need not discuss that item any further, nor do we think there is any question here that there was evidence of intent from the history of appellant's own activities, which showed previous convictions with reference to the use of narcotic drugs and the statement which he made to a police officer only a month prior to his arrest that he was a narcotics user. When the appellant saw the police he tried to hide the sack, as well as moved towards his running car, all of which is some evidence of a consciousness of guilt. *Layton* v. *State* (1968), 251 Ind. 205, 240 N. E. 2d 489.

The appellant further contends that there was no evidence that the instruments were adapted for the use of administering narcotic drugs. That there was such evidence is supported by Officer Donald Goeden's testimony that the contents of the paper sack which defendant possessed were a combination of various articles used to administer narcotic drugs.

It is finally contended that the act, Burns' Ind. Stat. Anno., § 10-3520 (c) (1970 Cum. Supp.), under which the appellant was tried is unconstitutional because it is amendatory of the original act of 1935. The title of the original act reads as follows:

"An act defining and relating to narcotic drugs and to make uniform the law with reference thereto."

The title of the amendatory act reads as follows:

"An act to further amend an act defining and relating to narcotic drugs and to make uniform the law with reference thereto." Approved March 12, 1935.

The argument is made the titles are "too narrow and restrictive" for the enactment of criminal penalties connected therewith for the possession of hypodermic syringes, needles, etc., used for the purpose of administering drugs.

We feel the question is well settled in Indiana. In *Orbison* v. *Welsh, Governor, et al.* (1962), 242 Ind. 385, 179 N. E. 2d 727, where we had under consideration an act "concerning the establishment, development and operation of a public port on Lake Michigan . . . defining its powers and duties . . .", we held such a title included things normally related thereto, such as raising funds, issuing bonds, building airplane landing fields, railroads, sewers, and other projects normally connected therewith. We stated at p. 394:

> "If a title expresses the general purpose of the act, everything contained in the body of the act which is germane to such purpose or properly connected therewith as a means of making the act effective to accomplish the purpose is covered by the title. *Wright-Bachman, Inc. v. Hodnett, et al.* (1956), *supra; Benson, Administrator* v. *Christian* (1891), 129 Ind. 535, 538, 29 N. E. 26, 27."

We further said: (p. 393)

> "The title need not contain a complete index or abstract of the contents of an act, but the title sufficiently expresses the subject when upon a liberal construction it gives such notice as to apprise the legislators and the public of the general subject matter of the legislation."

In our opinion, the titles to the original and amendatory acts are constitutional.

The judgment is affirmed.

Givan, Prentice, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 266 N. E. 2d 197.