DONALD E. STEVENS *v*. STATE OF INDIANA.

[No. 171S3. Filed November 18, 1971. Rehearing denied January 19, 1972.]

*Robert J. Fink,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David H. Kreider,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a conviction for possession of narcotics equipment in violation of I.C. 1971, 35-24-1-2, being Burns § 10-3520 (c). The trial was without jury in Marion County Criminal Court, Division Two and appellant was sentenced to one to five years in prison and fined $1.00 and costs.

The affidavit read in pertinent part as follows:

"DONALD E. STEVENS on or about the 7. day of May, A.D. 1970, at and in the County of Marion in the State of Indiana, did then and there unlawfully and feloniously, with intent to unlawfully administer narcotic drugs, did possess and have under his control certain instruments, to-wit: a needle, syringe and cooker, which said instruments were then and there adapted for the use of narcotic drugs by injection in a human being, then and there being. . . ."

Under this affidavit appellee was required to introduce evidence on each of the following elements: (1) appellant had possession of certain instruments, namely, a syringe, needle and cooker; (2) these instruments were adapted for the use of narcotic drugs by injection in a human being; and, (3) appellant possessed those instruments with the intent to unlawfully administer narcotic drugs.

Appellant's contention on appeal is that there was insufficient evidence to sustain the trial court finding that appellant possessed the instruments with intent to unlawfully administer narcotic drugs. In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

The evidence which tends to support the trial court finding is as follows: On May 7, 1970, appellant was arrested in a downtown store for shoplifting. Officer Minor of the Indianapolis Department testified that when he arrived on the scene he searched appellant and found a syringe, two needles, a bottle cap in appellant's pants and coat pockets.

Officer Brenton, Indianapolis Police Department, testified

that he had been in the Narcotics Section of the department for seven months, had received training at the Federal Bureau of Narcotics and Dangerous Drugs training school in Chicago, Illinois, had since then attended three seminars on narcotic drugs sponsored by the Federal Bureau of Narcotics and Dangerous Drugs, and had participated in numerous arrests for narcotics violations. Brenton said that the syringe, needle and bottle cap were called the "outfit" by narcotics users and they were used to inject narcotic drugs into the human body. Brenton further testified that he saw appellant the morning following his arrest and examined appellant's arm:

"Q. And, will you tell the Court the results of your examination?
A. Checked his arms, and he had needle marks, 'tracks,' they are called, on his arms.
Q. And, can you describe 'tracks'? What are 'tracks'?
A. 'Tracks' is usually a discoloration of the skin, caused by injections, numerous injections, puncture marks, holes into the veins.
Q. Injections of what?
A. Narcotic drugs."

Appellant testified that all the items were in the pocket of the coat he had borrowed from a friend and he did not know of their existence. Appellant admitted he had used narcotic drugs in the past but claimed he had quit in 1964.

The sole issue in this case is whether there was sufficient evidence of appellant's intent to unlawfully administer narcotic drugs. Appellee argues that the evidence concerncerning the marks on appellant's arms and his admission of past use was sufficient to show that appellant was a user of narcotics and the latter fact would support a finding by the trial court that appellant intended to use the paraphernalia to unlawfully administer narcotic drugs.

We agree with appellee. Officer Brenton, qualified as an expert in the area of narcotics violations, testified not only that appellant had puncture marks, but he described them fully

and stated that those marks were the type of marks found on narcotics users. This coupled with appellant's admission of past use was sufficient to show appellant was a user of narcotics.

This case is not controlled by *Taylor* v. *State* (1971), 256 Ind. 92, 267 N. E. 2d 383. There the defendant was arrested for shoplifting and found to be in possession of an "outfit". We held the evidence insufficient to sustain a finding of the requisite intent because there was no evidence except that the defendant was in possession of the items. There was no evidence at all that the defendant was a user of narcotics. Here there is sufficient evidence that appellant was a user and that is adequate support for the trial court finding that appellant intended to use the paraphernalia to unlawfully administer narcotic drugs.

*Affirmed.*

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 275 N. E. 2d 12.