WILLIAM E. DABNER *v.* STATE OF INDIANA.

[No. 770S169. Filed March 14, 1972. Rehearing denied April 24, 1972.]

*Charles W. Symmes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *R. Michael Bruney,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial to the court for possession of narcotic equipment and violation of I. C. 1971 35-24-1-2 being Acts 1935, ch. 280, § 2, (1961 ch. 90, § 2, 1971 Supp. Burns Ind. Stat. Ann. § 10-3520 [c]). He was sentenced to imprisonment for a period of from one to five years and fined $1.00 and costs. The affidavit read, in pertinent part, as follows:

"WILLIAM E. DABNER on or about the 1st day of October, A.D. 1968, at and in the County of Marion in the

State of Indiana, did then and there unlawfully and feloniously possess and have under his control certain instruments with intent to unlawfully administer and use narcotic drugs, to-wit: EYE-DROPPER, NEEDLE, and COOKER, which said instruments were then and there adapted for the use of narcotic drugs by injection in a human being, then and there being * * *."

The appeal to this Court challenges solely the sufficiency of the evidence upon the issue as to whether or not the defendant's possession of the contraband was with "intent to unlawfully administer and use narcotic drugs."

When the sufficiency of the evidence is raised on appeal, this Court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502.

The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Fuller* v. *State, supra; Gibson* v. *State, supra; Taylor* v. *State* (1971), 256 Ind. 170, 267 N. E. 2d 383.

This Court, on appeal, will not weigh the evidence nor determine the credibility of witnesses. *Fuller* v. *State, supra; Rusher* v. *State* (1971), 256 Ind. 520, 270 N. E. 2d 748; *Sanchez* v. *State* (1971), 256 Ind. 140, 267 N. E. 2d 374.

The contraband was discovered when defendant was searched as an incident to his arrest for another offense. Also taken from him on this occasion, and introduced into evidence, was a toilet tissue which gave the appearance of being blood stained. The arresting officer testified that at the time of the arrest he examined the defendant's forearm and found puncture marks thereon where the veins were raised and that it appeared to be swollen.

Intent is a mental condition. It is impossible to know with certainty the defendant's intended use or disposition of the contraband. Nevertheless, a determination thereof must be made, and if it be done by the trier of the fact, we will not disturb it, unless it can be said that by reason of an absence of substantial evidence of probative value upon one or more material element of the crime charged, a reasonable man could not find the accused guilty beyond a reasonable doubt. We recently held in *Taylor* v. *State* (1971), 256 Ind. 170, 267 N. E. 2d 383, that possession of the paraphernalia alone would not be sufficient and that the requisite intent could not be inferred therefrom. However, in *Von Hauger* v. *State* (1971), 255 Ind. 666, 266 N. E. 2d 197, we affirmed the conviction under this charge where, in addition to proof of possession, it was shown that the defendant was a user of narcotics, and attempted to avoid arrest.

In the case at bar, although we may not infer the intent from the possession alone, we believe that it may be fairly inferred from such possession, together with the puncture marks over the veins of the defendant's forearm, evidencing recent injections.

The judgment of the trial court is affirmed.

Arterburn, C.J., and Givan and Hunter, JJ., concur; De-Bruler, J. dissents with opinion.

DISSENTING OPINION

DEBRULER, J.—Under this affidavit appellee was required to introduce evidence on each of the following elements: (1) appellant had possession of certain instruments, namely, an eye-dropper, needle, and cooker; (2) these instruments were adapted for the use of narcotic drugs by injection in a human being; and (3) appellant possessed those instruments with the intent to unlawfully administer and use narcotic drugs.

The evidence which tends to support the trial court finding comes from two witnesses and is as follows: Officer Weis,

Indianapolis Police Department, testified that on October 1, 1968, he observed appellant shoplift a bottle of after-shave lotion in a drugstore in Indianapolis. Weis arrested appellant for shoplifting and in searching appellant's pockets Weis found a hypodermic needle, a singed bottle cap, an eye-dropper, part of a dollar bill, all wrapped in a yellow kleenex. Weis said the kleenex had a brown stain on it that he thought was blood but on cross examination he said he did not know that it was blood since no tests were run on it. Weis also testified on direct examination concerning certain marks on appellant's arms:

"Q. All right, what did you do then? You looked at his arm.
A. Yes. And I observed on his arm puncture marks where his veins were raised in his arm.
Q. On what part of the arm, forearm?
A. In the area here in the forearm.
Q. You are referring to what part of the arm for the record, please?
A. That was the inside of the forearm.
Q. And then what did you do?"

On cross examination Weis testified concerning the marks as follows:

"Q. You stated that you saw a puncture mark on the defendant's arm?
A. Yes, sir. It appeared to be slightly swollen, it was enlarged part.
Q. It could have been a bee sting or anything, or it was just a mark?
A. Yes, it was, it was a mark.

This is all of Weis' testimony concerning the appearance of appellant's arm.

Officer Crawley, Indianapolis Police Department, testified that he had been in the Narcotics Section of the department for eight years, had attended various training schools in narcotics enforcement around the country and had participated

in numerous arrests for narcotic paraphernalia violations. Crawley described in general terms how the items found on appellant were commonly used by addicts and he stated his opinion that these items were instruments used to inject heroin into the human body.

The sole issue in this case is whether there was sufficient evidence of appellant's intent to unlawfully administer and use narcotic drugs. I believe this case is analogous to *Taylor* v. *State* (1971), 256 Ind. 170, 267 N. E. 2d 383, where the defendant was arrested for shoplifting and found to be in possession of the same type of narcotics paraphernalia as is in this case. In finding the evidence insufficient to sustain a finding of the requisite intent a unanimous Court said:

> "Therefore, all the evidence showed was that appellant was in possession of adapted instruments. This is not sufficient to satisfy the statutory requirement. The statute reads:
>
> " '(c) It shall be unlawful for any person to possess or have under his control, with intent to violate any provision of this act, any hypodermic syringe or needle or any instrument adapted for the use of narcotic drugs by injection in a human being.'
>
> "The statute sets out three elements to be proved and it does not permit conviction merely upon a showing of the possession of adapted instruments. To permit such a conviction would be in effect to amend the statute. We assume the Legislature did not do a useless act in including the element of intent; if they had intended to punish the mere possession of adapted instruments they would not have included that element. The fact that the Legislature included the requirement that intent be proved necessarily implies that they recognized that there could be cases of possession of adapted instruments which would *not* be punishable under the statute." (Original emphasis.) 267 N. E. 2d at 385.

We think there is no more evidence of intent in this case than there was in *Taylor*. Appellee argues that the evidence that appellant had "puncture marks" on his forearm was sufficient to show that appellant was a user of narcotics and the latter fact would support a finding by the trial court

that appellant intended to use the paraphernalia to unlawfully administer narcotic drugs.

I do not agree. Before the existence of certain "marks" on appellant's arm could be taken as proof that appellant was a narcotics user there would have to be some evidence that the marks were of the same type, number, location, visual appearance, etc. as those commonly found on narcotics users. There is no such evidence in this case. Officer Crawley testified as an expert witness on narcotics violations but he was never asked a question concerning the type, number, location, visual appearances of puncture marks commonly found on narcotics users and Crawley did not even see appellant's arm. Officer Weis did see the appellant's arm but from his testimony it is not clear whether there was more than one mark, and Weis was never asked whether the marks, considering the size, type, location, visual appearance, etc. were the type commonly found on narcotics users. Since this was Weis' first narcotics investigation and arrest there might have been some question as to his qualifications to so testify, but in any case he was not asked to. Therefore there was no evidence to show that from the appearance of the actual marks on appellant's arm it could be inferred appellant was a narcotics user. This case is then controlled by *Taylor* v. *State, supra* and I would hold the evidence was insufficient to support the trial court finding.

NOTE.—Reported in 279 N. E. 2d 797.