**Willie J. McCONNELL, Jr. Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 84A01–8901–CR–29.

Court of Appeals of Indiana, First District.

June 28, 1989.

James W. Boswell, Vigo County Public Defender, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant-defendant Willie McConnell, Jr., appeals from his convictions for operating a vehicle while suspended, a class A misdemeanor, and possession of paraphernalia, a class A misdemeanor. He was sentenced to one year on each conviction, the sentences to be served consecutively.

We affirm.

On March 14, 1988, Albert Loftson reported to police the theft of a rental car a few days earlier. Police discovered the vehicle had been involved in a fatal accident in Illinois. The driver had been Laura McCloud. Laura had been with Loftson and McConnell when Loftson rented the Mercury Lynx. Laura stated that after Loftson rented the Lynx, McConnell drove Loftson's Camaro a block before stopping and exchanging places with Loftson. McConnell then drove away with Laura and a friend in the Lynx.

Following Laura's accident in the Lynx, she reported to police that McConnell had driven a vehicle while his license was suspended. Relying on her affidavit, police obtained an arrest warrant and took McConnell into custody. When McConnell emptied his pockets at the book-in desk, police recovered a small, green and silver smoking pipe. The pipe had a small bowl with a screen in it. The bowl contained a small amount of residue. After a bench trial, McConnell was found guilty of driving while suspended and possession of paraphernalia.

McConnell presents three issues:

I. Whether the uncorroborated testimony of a private citizen may support an arrest warrant and a conviction for driving while suspended?

II. Whether there was sufficient evidence to support McConnell's possession of paraphernalia conviction?

III. Whether the trial court erred in sentencing McConnell to two one-year sentences to be served consecutively?

I.

As McConnell seems to state his argument, police could not have arrested McConnell for a misdemeanor not committed in their presence, on Laura McCloud's implication of McConnell. He further maintains that Laura's uncorroborated testimony could not sustain his conviction.

█ McConnell has not supplied us with any authority for his supposition that police may not arrest for a misdemeanor on a citizen's report. IND. CODE 35–33–1–1(a) authorizes an officer to make an arrest when the officer has a warrant command-

ing that the person be arrested. No warrant for arrest may be issued until an affidavit is filed with the judge, stating that the person to be arrested committed the offense. I.C. 35–33–5–2. An offense includes a misdemeanor. I.C. 35–41–1–2. Ordinarily, a warrantless arrest for a misdemeanor may only be made when the misdemeanor was committed in the officer's presence, *Garrett v. City of Bloomington* (1985), Ind.App., 478 N.E.2d 89, implying that a misdemeanor arrest may be made on a warrant supported by affidavit. Accordingly, McConnell has not persuaded us that there was any irregularity in McConnell's arrest. *See also Rector v. State* (1971), 256 Ind. 634, 271 N.E.2d 452. Even if the arrest was improper, an illegal arrest has no bearing on a subsequent conviction. *Id.*

■ McConnell's argument on the sufficiency of the evidence merely invites us to judge Laura McCloud's credibility, an invitation we always decline. Laura stated without equivocation that she saw McConnell drive two vehicles on March 10, 1988, and the State submitted documentation that McConnell's license was suspended on that day. Under our standard of review, sufficient evidence was presented to support McConnell's conviction.

## II.

Under McConnell's next assignment of error, he challenges sufficiency of the evidence on his paraphernalia conviction. McConnell was charged with possession of paraphernalia as a class A misdemeanor. He may be convicted of that offense if the State proved he "possessed a raw material, instrument, device, or other object that he intended to use in connection with marijuana, hash oil, or hashish." I.C. 35–48–4–8.3.

■ McConnell does not dispute that he possessed the object in question, a small, green and silver smoking pipe. Further, there was evidence that the pipe was similar to pipes in which marijuana is commonly smoked, given its size and the presence of a screen to filter seeds and stems. McConnell alleges that the evidence on the question of his specific intent was deficient. The State must prove the defendant's in-

tent to use an instrument for illegal purposes beyond a reasonable doubt. *Eskridge v. State* (1972), 258 Ind. 363, 281 N.E.2d 490. Intent to use an instrument for illegal drug use may be inferred from circumstantial evidence, such as from evidence of previous convictions for drug use, *VonHaugher v. State* (1971), 255 Ind. 666, 266 N.E.2d 197, and from former drug use and the presence of needle marks on defendant's arms, *Eskridge, supra; Stevens v. State* (1971), 257 Ind. 386, 275 N.E.2d 12; *Cooper v. State* (1976), 171 Ind.App. 350, 357 N.E.2d 260. In the above-cited cases, the defendants had possessed various instruments for injecting dangerous drugs, including needles, syringes and cookers.

However, evidence of possession of an eyedropper, needle and a burned bottle cap, coupled with evidence of flight and attempted concealment, are not sufficient to show intent to unlawfully administer narcotics. *Bradley v. State* (1972), 153 Ind. App. 421, 287 N.E.2d 759.

■ It is evident that intent may not be inferred merely from proof that the instruments possessed were normally used or adapted for use with illegal drugs. Expert testimony describing an "outfit" which consisted of a needle, eyedropper and bottle cap, relating that it is commonly seen in the possession of narcotics users, and detailing how it is so used, went only to show the instruments were adapted to drug use, which was a necessary element under the statute. *Taylor v. State* (1971), 256 Ind. 170, 267 N.E.2d 383. Although the evidence showed defendant was in possession of adapted instruments, it was insufficient to show intent absent evidence of previous drug use. *Id.*, 267 N.E.2d at 385. Implicitly, the court recognized that the evidence of the character of the instruments, in itself, could not sustain the element of intent.

Accordingly, the State had to prove facts which would support an inference that McConnell intended to use the pipe in connection with marijuana. There was expert testimony from police that the confiscated pipe was like those commonly used to

smoke marijuana. It contained a screen used to filter seeds and stems. Its small size enabled the user to easily secrete the pipe. However, evidence of the pipe's fitness for smoking marijuana could not support the intent element. Also, the State did not introduce any evidence that McConnell was a marijuana user or had previous drug convictions.

The only evidence which the State could have relied upon to establish that McConnell intended to use the pipe in connection with marijuana was the identification of residue in the pipe.

We have not discovered an Indiana case in which the intent element in a possession of paraphernalia case was supported by presence of contraband.[1] However, presence of marijuana would be strongly probative of defendant's intent to use an instrument in connection with marijuana. Therefore, if there was sufficient evidence to show that the pipe contained marijuana, then the evidence was sufficient on the intent element.

The expert admitted that the small amount of residue in the bowl was not sufficient to induce a positive reaction to the field test. Officer John Lewis's testimony concerning identification of the residue was as follows:

Q. And you did find residue of some kind in that pipe?

A. Yes, I did. The residue that I found in this pipe appears to have been a substance that burned very hot because the residue is very black—and marijuana does burn very hot.

Q. From the little bit that you were able to scrape out—based on your experience—what did you think the substance was?

A. The substance that I scraped out appears to be the same type substance that I have removed from other pipes that—in a field test—did

show to be marijuana. Same color, same consistency.

Record at 93.

When the drugs themselves are not placed into evidence and there is no expert testimony based on a chemical analysis, then there must be testimony of someone sufficiently experienced with the drug indicating that the substance was indeed a dangerous drug. *Slettvet v. State* (1972), 258 Ind. 312, 280 N.E.2d 806. In *Slettvet*, the supreme court reversed defendant's conviction for possession of dangerous drugs (LSD), because the State's only witness was a layperson unfamiliar with drugs who only testified about the defendant's reaction to the pills and about hearsay that the pills were "purple haze acid." The evidence in that case was insufficient to support the possession conviction in the absence of testimony as to the nature of the substance from an expert witness familiar with drugs. *Id.*

The *Slettvet* court relied in part upon a California case in which the court found that evidence of an experienced police officer who had identified the substance as marijuana from its odor and appearance was sufficient to support defendant's possession conviction. *People v. Marinos* (1968), 260 Cal.App.2d 735, 67 Cal.Rptr. 452. Testimony of persons who had trafficked in, handled and used marijuana and who had previously been convicted of selling dangerous drugs, that they had smoked marijuana with the defendant, was sufficient proof that the substance defendant had possessed was marijuana. *Pryor v. State* (1973), 260 Ind. 408, 296 N.E.2d 125.

Officer Lewis was qualified as an expert experienced in conducting tests on drugs and familiar with marijuana. Conclusive results from a field test were not available because the sample was too small. Like the officer in *Marinos*, Officer Lewis testified that the residue was similar in color and consistency to material that had tested as marijuana. He also drew his

---

1. In *Cooper v. State, supra,* Cooper's conviction of possession of adapted instruments was sustained on the intent element by evidence of his past narcotics use and presence of needle marks. Yet, the facts showed that Cooper was in possession of injection equipment and a cooker cap containing heroin.

conclusions from his observation that the residue was black, indicating the substance burned extremely hot, as does marijuana. In our opinion, Officer Lewis's testimony that the substance appeared to be marijuana was sufficient evidence from which the jury could infer that the substance was marijuana and that McConnell intended to use the pipe in connection with marijuana.

### III.

McConnell's last assignment of error is that his sentence was manifestly unreasonable. The trial court noted McConnell's previous convictions for burglary, possession of marijuana, driving while suspended and driving while intoxicated. The court determined that there were no circumstances in mitigation of the sentence, and imposed the presumptive sentence of one year on each of the class A misdemeanor offenses, to be served consecutively.

The court may consider defendant's prior criminal record as a factor favoring imposition of consecutive sentences. *Forrester v. State* (1982), Ind., 440 N.E.2d 475. The gist of McConnell's complaint is that the court should have given more weight to two circumstances in mitigation: that McConnell's arrest on the driving offense was improper, and that, in essence, he is innocent of the paraphernalia charge. In light of our disposition on the merits, McConnell has not presented any factors in mitigation. If the sentencing court finds there are no significant mitigating factors, their use in determining sentence is not mandatory; the court is under no obligation to identify or balance the factors argued by the defendant. *Brown v. State* (1987), Ind., 516 N.E.2d 29.

A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. *Id.* In view of McConnell's prior convictions, we do not find his two-year sentence manifestly unreasonable.

Judgment affirmed.

RATLIFF, C.J., concurs.

SHIELDS, P.J., dissents with separate opinion.

SHIELDS, Presiding Judge, dissenting.

I dissent and vote to reverse McConnell's conviction of possession of paraphernalia because there is insufficient evidence that at the time he possessed the smoking pipe he intended to use it in connection with marijuana.

I agree with the majority opinion to the extent it holds McConnell's simultaneous possession of marijuana and the smoking pipe would be probative evidence of McConnell's intent to use the pipe to introduce marijuana into his body. However, I depart from the conclusion in the majority opinion that the evidence here is sufficient for a reasonable fact finder to conclude beyond a reasonable doubt that McConnell possessed marijuana in the form of residue in the smoking pipe.

The testimony of Officer Lewis quoted in the majority opinion reasonably supports only the conclusion that the residue in the smoking pipe is consistent with it being marijuana and not that it is marijuana. This fact is even more apparent when additional testimony elicited from Officer Lewis on cross-examination is considered:

Q. Officer Lewis, you don't know whether or not the residue is marijuana or not, do you?

A. No, I can't say that, sir.

Record at 93.

Accordingly, because intent may not be inferred merely from proof that the smoking pipe in McConnell's possession is normally used or adapted for use in smoking marijuana, I vote to reverse his conviction for possession of paraphernalia. I vote to affirm his conviction for operating a vehicle while suspended.