**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON POOLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1110-CR-904 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa Borges, Judge
The Honorable Stanley Kroh, Commissioner
Cause No. 49G04-1102-FC-8035

**May 23, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Jason Poole appeals his convictions for Class A misdemeanor possession of paraphernalia and Class B misdemeanor possession of a knife with an automatic blade. We affirm.

## Issue

Poole raises one issue, which we restate as whether there is sufficient evidence to support his convictions.

## Facts

On February 6, 2011, a neighbor noticed unusual activity at a residence in Indianapolis and reported the activity to the owner of the home. The owner contacted police, who apprehended Poole as he left the house. A search of Poole's pockets revealed a crack pipe containing cocaine residue and a switchblade knife.

On February 8, 2011, the State charged Poole with Class C felony burglary, Class D felony theft, Class A misdemeanor possession of paraphernalia, and Class B misdemeanor possession of a knife with an automatic blade. The State also alleged that the Class A misdemeanor possession of paraphernalia charge should be enhanced to a Class D felony and eventually alleged that Poole was an habitual offender. Following a bench trial, Poole was convicted of Class C felony burglary, Class A misdemeanor possession of paraphernalia, and Class B misdemeanor possession of a knife with an

automatic blade and was found to be an habitual offender. Poole now appeals the misdemeanor convictions.[1]

## Analysis

Poole argues that there is insufficient evidence to support his convictions for Class A misdemeanor possession of paraphernalia and Class B misdemeanor possession of a knife with an automatic blade. The standard of review for claims of insufficient evidence is well settled. We do not reweigh the evidence or judge the credibility of the witnesses, and we respect the jury's exclusive province to weigh conflicting evidence. Jackson v. State, 925 N.E.2d 369, 375 (Ind. 2010). We consider only the probative evidence and reasonable inferences supporting the verdict and affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

### I. Possession of Paraphernalia

The State alleged that Poole knowingly or intentionally possessed a raw material, an instrument, a device, or other object that he intended to use for introducing a controlled substance into his body. See Ind. Code § 35-48-4-8.3(b). "The State must prove the defendant's intent to use an instrument for illegal purposes beyond a reasonable doubt." McConnell v. State, 540 N.E.2d 100, 102 (Ind. Ct. App. 1989). Intent to use an instrument for illegal drug use may be inferred from circumstantial evidence. Id.

Poole argues the mere fact that he possessed metal cylinders that tested positive for cocaine residue in his jacket pocket, without additional evidence, is insufficient to

---

[1] Poole does not challenge the Class C felony burglary conviction or his status and an habitual offender.

prove the element of knowledge or intent necessary to enhance the offense from an infraction to a misdemeanor. We disagree. In <u>McConnell</u>, we held that the presence of marijuana would be strongly probative of defendant's intent to use an instrument in connection with marijuana and that "if there was sufficient evidence to show that the pipe contained marijuana, then the evidence was sufficient on the intent element." <u>Id.</u> at 103.

Poole does not dispute that the pipe tested positive for cocaine residue. Additional evidence of intent comes from an investigating officer's testimony that the pipe "appeared to have been used - - it appeared that one end of it had been lit at some point." Tr. p. 36. Given the location of the pipe in Poole's jacket pocket, the cocaine residue on it, and the fact that it appeared to have been used, there is sufficient evidence to support the Class A misdemeanor conviction.

## II. *Possession of a Knife with an Automatic Blade*

To prove Poole committed the offense, the State was required to show that Poole possessed a knife that opens automatically or may be propelled to open by hand pressure applied to a button, device containing gas, spring, or other device in the handle of the knife. <u>See</u> I.C. § 35-47-5-2. Poole argues that the State failed to prove the knife was operational.

At trial, the investigating officer testified that there is "a button on the knife where it actually springs the action of the knife up." Tr. p. 29. The officer testified that he knew what an automatic switchblade was and that this knife was an automatic switchblade. The officer again explained, "[t]here's a button on the side of it that springs the action up for the knife rather than a simple knife where you actually hand pull it out."

4

Id. at 33. Although the State said the knife did not need to be opened "right now" when it was offered into evidence, the investigating officer's testimony is evidence from which the trial court could have inferred the functionality of the switchblade knife. Id. at 32.

## Conclusion

There is sufficient evidence to support Poole's convictions for Class A misdemeanor possession of paraphernalia and Class B misdemeanor possession of a knife with an automatic blade. We affirm.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.