**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| STACY ROBEY, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1402-CR-104 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick Murphy, Commissioner
Cause No. 49F07-1308-CM-055700

**October 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

A police officer pulled over Stacy Robey for failing to signal and learned that her license was suspended. During an inventory search of the car, the officer found a hypodermic needle. Robey now appeals her conviction for Class A misdemeanor possession of paraphernalia, arguing that the evidence is insufficient to prove that she intended to use the needle to introduce a controlled substance into her body. Because there is no circumstantial evidence showing Robey's intent to use the needle to introduce a controlled substance into her body, we reverse her conviction for Class A misdemeanor possession of paraphernalia.

**Facts and Procedural History**

On the afternoon of August 22, 2013, Indianapolis Metropolitan Police Department Officer Bradley Dow was patrolling a BP and McDonald's parking lot in Indianapolis when he saw Stacy Robey turn right out of the parking lot onto Illinois Street, a one-way street, without signaling. Officer Dow followed Robey's car to a Subway on West 38th Street and activated his emergency lights. Officer Dow approached the driver's door of the car and told Robey that he stopped her for failing to signal. Matthew Woodard was the front-seat passenger in Robey's car. Upon checking Robey's license and registration, Officer Dow learned that Robey's license was suspended. Officer Dow then checked Woodard's driving status, and his license was suspended too. Because neither Robey nor Woodard could drive the car, Officer Dow decided to have it towed. Officer Dow instructed Robey and Woodard to wait behind the car with another officer who had since arrived on the scene while he performed an inventory search. Officer Dow started his search at the driver's

2

door. According to the officer, "As soon as [he] opened up the driver side door, down where the handle to the seat is that you use to adjust your seat, [he] saw a bright orange hypodermic needle cap." Tr. p. 18. Officer Dow said that through his training and experience, he recognized the hypodermic needle as the type used to introduce narcotics into the human body. *Id.* He then placed Robey and Woodard in handcuffs, returned to the car to seize the needle, and put the needle into a tube for collection.

After the inventory search was completed, Officer Dow had the car towed. He placed Robey and Woodard under arrest and had them transported to the arrestee processing center. After they were placed under arrest, Robey told Officer Dow that she took responsibility for the items in the car in order to keep Woodard out of trouble.[1] *Id.* at 31-32.

The State charged Robey with Class A misdemeanor possession of paraphernalia and Class A misdemeanor driving while suspended. A bench trial was held in January 2014. At the bench trial, the State attempted to admit evidence of other drug-related items found inside Robey's car, including a spoon and a Red Bull can to cook the heroin in. Defense counsel objected to the admission of these items because they were "prejudicial" to Robey since she was charged only with possession of "the needle." *Id.* at 21. The State agreed that the items should not be admitted. *Id.* ("[T]he State doesn't really have any objection with stopping . . . [a]s long as we can continue with what [Officer Dow] did with the needle that he recovered from the car."). The trial court sustained defense counsel's

---

[1] Additional drug-related items were found inside the car, but Robey was not charged in connection with these items; rather, Woodard was. According to Odyssey, the State dismissed the possession of paraphernalia charge against Woodard in February 2014, after Robey's trial.

objection, finding no "relevance" to such evidence. *Id.* at 22. The State later attempted to admit a laboratory report showing that the other items found in the car had heroin residue on them. Defense counsel again objected because the laboratory report did not include any information regarding the needle. The trial court sustained defense counsel's objection. *Id.* at 31.

Robey was found guilty of possession of paraphernalia and driving while suspended. As for possession of paraphernalia, the trial court reasoned, "the inference and her own admission apparently that she takes responsibility for these items in the vehicle satisfied me that the possession of paraphernalia proof is met." *Id.* at 35.

Robey appeals her conviction for Class A misdemeanor possession of paraphernalia only.

**Discussion and Decision**

Robey contends that the evidence is insufficient to support her conviction for Class A misdemeanor possession of paraphernalia. When reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the judgment. *Meehan v. State*, 7 N.E.3d 255, 257 (Ind. 2014). It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the judgment. *Id.* A reasonable inference of

4

guilt must be more than a mere suspicion, conjecture, conclusion, guess, opportunity, or scintilla. *Id.*

This standard requires us to determine whether the facts favorable to the judgment represent substantial evidence probative of the elements of possession of paraphernalia. *See id.* at 257-58. To convict Robey of Class A misdemeanor possession of paraphernalia as charged here, the State must have proven, beyond a reasonable doubt, that Robey knowingly or intentionally possessed a needle that she intended to use for introducing into her body the controlled substance heroin. Ind. Code § 35-48-4-8.3; Appellant's App. p. 16. As we recently held, the intent to introduce a controlled substance into one's body may be inferred from circumstantial evidence. *Sluder v. State*, 997 N.E.2d 1178, 1181 (Ind. Ct. App. 2013) (citing *Dabner v. State*, 258 Ind. 179, 279 N.E.2d 797, 798-99 (1972) (puncture marks over the veins of the defendant's forearm, evidencing recent injections, are sufficient to establish intent); *Stevens v. State*, 257 Ind. 386, 275 N.E.2d 12, 13 (1971) (admission to past drug use coupled with needle marks on defendant's arms sufficient to establish intent); *Von Hauger v. State*, 255 Ind. 666, 266 N.E.2d 197, 198 (1971) (previous convictions of drug use sufficient to establish intent); *Trigg v. State*, 725 N.E.2d 446, 450 (Ind. Ct. App. 2000) (residue-encrusted crack pipe found where defendant was sitting was sufficient to establish intent to use the pipe to smoke crack); *McConnell v. State*, 540 N.E.2d 100, 103-04 (Ind. Ct. App. 1989) (expert testimony that paraphernalia contained drug residue sufficient to establish intent)). We also acknowledged in *Sluder* that our Supreme Court has held that the mere possession of paraphernalia when a statute requires intent is not sufficient to establish the crime without additional evidence of intent. *Id.*

Here, Robey admits that she possessed the needle. But the record lacks evidence beyond a reasonable doubt that Robey intended to use that needle to introduce heroin into her body. Officer Dow testified that hypodermic needles are often used to introduce narcotics into the human body, but this does not prove Robey's intent. "[I]ntent may not be inferred merely from proof that the instruments possessed were normally used or adapted for use with illegal drugs." *McConnell*, 540 N.E.2d at 102. Notably, there was no evidence of track marks on Robey's arms, admission of past drug use, or prior drug convictions. Although there were other drug-related items found in Robey's car, critically these items were not admitted into evidence at trial. Defense counsel objected to the other drug-related items on the ground that Robey was charged only with possession of the needle, and the prosecutor agreed that the other items were "not really necessary." Tr. p. 22. The trial court sustained defense counsel's objection and did not consider the other items. *Id.* at 27. On appeal, the *only* evidence of intent that the State points to is that "Robey showed consciousness of guilt when she told Officer Dow that she wanted to take full responsibility for the contents of her vehicle to keep her passenger out of trouble." Appellee's Br. p. 4 (citation omitted). However, because there is no admissible evidence of the other drug-related items found in Robey's car, Robey's statement to Officer Dow does not show a consciousness of guilt. That is, her statement means only that she takes responsibility for the needle. Accordingly, because there is no circumstantial evidence showing Robey's intent to use the needle to introduce a controlled substance into her body,

we reverse her conviction for Class A misdemeanor possession of paraphernalia.[2] *See Sluder*, 997 N.E.2d at 1181 (reversing defendant's conviction for possession of paraphernalia where there was no evidence of track marks on his arms, past drug use, previous drug convictions, or presence of drugs that would circumstantially establish his intent to use drugs).

Reversed.

FRIEDLANDER, J., and MAY, J., concur.

---

[2] Robey's conviction is reversed on sufficiency grounds. The general rule is that retrial of a defendant is permissible when the conviction is reversed on grounds other than sufficiency of the evidence. *Calvert v. State*, 14 N.E.3d 818, 823 (Ind. Ct. App. 2014). Here, the State does not argue that the other drug-related items were erroneously excluded.