**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JAMES A. SHOAF**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANGELA L. BLAIR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1403-CR-132 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Kathleen T. Coriden, Judge
Cause Nos. 03D02-1208-CM-3882, 03D02-1209-CM-4883, and 03D02-1211-CM-5866

December 11, 2014

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Angela Blair appeals her convictions for two counts of possession of paraphernalia, as Class A misdemeanors, and conversion, as a Class A misdemeanor, following three separate bench trials. Blair presents the following issues for our review:

1. Whether the trial court abused its discretion when it tried her in absentia on the conversion charge.

2. Whether the State presented sufficient evidence to support each of her convictions.

3. Whether the trial court erred when it calculated her credit time.

We affirm.

## FACTS AND PROCEDURAL HISTORY

### Cause Number 03D02-1208-CM-3882 ("CM-3882")

On July 19, 2012, Columbus Police Department Officer Angie Owens saw Blair driving a vehicle and, after confirming her suspicion that Blair's driver's license was suspended, Officer Owens initiated a traffic stop to investigate. At the conclusion of the traffic stop, Officer Owens arranged to have the vehicle Blair had been driving towed from the scene. Blair told Officer Owens that she had left her purse in the car, and, as Officer Owens retrieved the purse, which was open at the top, Officer Owens observed a syringe in plain view inside the purse. Unprompted, Blair said, "Oh, I haven't used today, there's no needle in there, I took the needle out." Tr. at 8. Officer Owens knew that Blair was a drug user, and Officer Owens arrested Blair. The State charged Blair with possession of paraphernalia, as a Class A misdemeanor. The trial court found Blair guilty as charged and entered judgment and sentence accordingly.

2

<u>Cause Number 03D02-1209-CM-4883 ("CM-4883")</u>

On September 9, 2012, Blair's mother called the Columbus Police Department to report that Blair was missing "and was possibly murdered earlier in the morning." <u>Id.</u> at 11. Police officers searched for Blair all day, and at one point Officer Troy Love saw Blair walking across a downtown street. Blair had a warrant for her arrest, so Officer Love arrested her. During a search incident to that arrest, Officer Love found "some syringes on her person." <u>Id.</u> at 12. The State charged Blair with possession of paraphernalia, as a Class A misdemeanor. The trial court found Blair guilty as charged and entered judgment and sentence accordingly.

<u>Cause Number 03D02-1211-CM-5866 ("CM-5866")</u>

On October 18, 2012, a loss prevention officer at Walmart in Columbus detained Blair after she "had stolen lice medication and a flashlight." <u>Id.</u> at 15. Columbus Police Department Officer Julie Quesenberry responded to the scene and identified Blair, who had lied to the Walmart loss prevention officer and stated that her name was Amy Baker. Blair told Officer Quesenberry that "she tried to take [the lice medication] because she had a lice issue[.]" <u>Id.</u> Officer Quesenberry arrested Blair, and the State charged her with conversion, as a Class A misdemeanor. The trial court found Blair guilty as charged and entered judgment and sentence accordingly. These consolidated appeals ensued.

**DISCUSSION AND DECISION**

**Issue One: Trial <u>In</u> <u>Absentia</u>**

Blair contends that she did not knowingly or intentionally waive her right to be present at her trial in CM-5866. We review such questions for an abuse of discretion.

3

See Brown v. State, 839 N.E.2d 225, 231 (Ind. Ct. App. 2005), trans. denied. A trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before the court or if the court misapplies the law. See Speybroeck v. State, 875 N.E.2d 813, 818 (Ind. Ct. App. 2007).

As our supreme court has stated:

A defendant in a criminal proceeding has a right to be present at all stages of his or her trial. U.S. Const. amend. VI; Ind. Const. art. I, § 13; Fennell v. State, 492 N.E.2d 297, 299 (Ind. 1986). A defendant may waive this right and be tried in absentia if the trial court determines that the defendant knowingly and voluntarily waived that right. Freeman v. State, 541 N.E.2d 533, 535 (Ind. 1989); Fennell, 492 N.E.2d at 299. The best evidence that a defendant knowingly and voluntarily waived his or her right to be present at trial is the "defendant's presence in court on the day the matter is set for trial." Fennell, 492 N.E.2d at 299 (citing Brown v. State, 181 Ind.App. 102, 390 N.E.2d 1058 (1979)).

Lampkins v. State, 682 N.E.2d 1268, 1273 (Ind. 1997) (emphasis added).

Blair does not make cogent argument in support of this contention, nor does she support her contention with citations to the record or legal authority. Accordingly the issue is waived. Waiver notwithstanding, Blair was present in court on the day that the matter was set for trial. Thus, Blair knowingly and voluntarily waived her right to be present at trial, and the trial court did not abuse its discretion when it tried her in absentia. See id.

## Issue Two: Sufficiency of the Evidence

### Standard of Review

When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime

4

from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Wright v. State, 828 N.E.2d 904, 905-06 (Ind. 2005). It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. Id. at 906.

### CM-3882 and CM-4883

Blair first contends that the State presented insufficient evidence to support her possession of paraphernalia convictions in CM-3882 and CM-4883. In particular, Blair maintains that the State's evidence was insufficient because "it did not produce the alleged instrument itself or any testimony or photographic evidence to establish that the instrument was capable or intended to introduce a controlled substance into the body." Appellant's Br. at 9. We cannot agree.

Indiana Code Section 35-48-4-8.3 (2012) provides in relevant part that a person who knowingly or intentionally possesses a raw material, an instrument, a device, or other object that the person intends to use for introducing into the person's body a controlled substance commits a Class A misdemeanor for possessing paraphernalia.[1] As we observed in Sluder v. State, 997 N.E.2d 1178, 1181 (Ind. Ct. App. 2013),

> [t]he intent to introduce a controlled substance into one's body may be inferred from circumstantial evidence. See Dabner v. State, 258 Ind. 179, 279 N.E.2d 797, 798-99 (1972) (puncture marks over the veins of the defendant's forearm, evidencing recent injections, are sufficient to establish intent); Stevens v. State, 257 Ind. 386, 275 N.E.2d 12, 13 (1971)

---

[1] In CM-4883, the State charged Blair under subsection (a)(1), and in CM-3882, the State charged Blair under subsection (a)(2). But at the bench trials in both CM-4883 and CM-3882, the State argued that Blair possessed paraphernalia in violation of subsection (a)(1) and presented evidence accordingly. Blair makes no contention on appeal that the variance between the charging information and the proof at trial in CM-3882 was fatal.

5

(admission to past drug use coupled with needle marks on defendant's arms sufficient to establish intent); Von Hauger v. State, 255 Ind. 666, 266 N.E.2d 197, 198 (1971) (previous convictions of drug use sufficient to establish intent); Trigg v. State, 725 N.E.2d 446, 450 (Ind. Ct. App. 2000) (residue-encrusted crack pipe found where defendant was sitting was sufficient to establish intent to use the pipe to smoke crack); McConnell v. State, 540 N.E.2d 100, 103-04 (Ind. Ct. App. 1989) (expert testimony that paraphernalia contained drug residue sufficient to establish intent).

And we noted that a defendant's past drug use would be circumstantial evidence sufficient to show intent to use paraphernalia to introduce into a person's body a controlled substance. Id.

Here, in CM-3882 the State presented evidence that, after Officer Owens saw a syringe in plain view in Blair's open purse, Blair stated, "I haven't used today[.]" Tr. at 8. And Officer Owens testified that she knew Blair "as being a user." Id. That evidence of Blair's past drug use is sufficient to prove her intent to use the syringe to introduce into her body a controlled substance. See Sluder, 997 N.E.2d at 1181. The State presented sufficient evidence to support her conviction in CM-3882.[2]

In CM-4883 the State presented evidence that, during a search of Blair's person incident to her arrest, Officer Love found "some syringes on her person." Tr. at 12. And the State introduced into evidence photographs depicting the following: three syringes, one of which had a needle attached; what appears to be a crack pipe; a spoon; and a small baggie containing a white, powdery substance. We hold that that circumstantial evidence is sufficient to prove Blair's intent to use the syringes to introduce into her body a controlled substance. See, e.g., Sluder, 997 N.E.2d at 1181 (holding that circumstantial

---

[2] To the extent Blair contends that the State's evidence was insufficient because it did not introduce into evidence the actual syringe found in her purse but presented only the officer's testimony and photographs regarding the syringe, Blair's contention is without merit.

6

evidence of intent to use paraphernalia for ingestion of drugs includes, but is not limited to, evidence of track marks on a defendant's arms, past drug use, previous drug convictions, or the presence of drugs). The State presented sufficient evidence to support her conviction in CM-4883.[3]

## CM-5866

Blair contends that the State presented insufficient evidence to support her conversion conviction. To prove conversion, the State was required to show that Blair knowingly or intentionally exerted unauthorized control over the property of another person. Ind. Code § 35-43-4-3. At trial, Officer Quesenberry testified that, according to the loss prevention officer at Walmart, Blair "had stolen lice medication and a flashlight" with a total value of $62.90. Tr. at 15. When questioned, Blair admitted having taken the items. That evidence is sufficient to support Blair's conviction.

On appeal, Blair contends that Officer Quesenberry's testimony is insufficient to support her conviction because it was hearsay. But Blair was tried <u>in absentia</u> (and without counsel) and, therefore, made no objection to the testimony at trial. Our supreme court has held that otherwise inadmissible hearsay evidence may be considered for substantive purposes and is sufficient to establish a material fact at issue when the hearsay evidence is admitted without a timely objection at trial. <u>Banks v. State</u>, 567

---

[3] Blair states that "there is no evidence in the record that the State played the CD or that the [trial court] viewed the pictures on the CD." Appellant's Br. at 12. But the trial court admitted into evidence State's Exhibit 1, which contains the photos of the items found along with the syringes. While the record does not indicate whether the trial court actually viewed those photos before it found Blair guilty, it is mere speculation to suggest otherwise. The State presented sufficient evidence to support Blair's convictions.

N.E.2d 1126, 1129 (Ind. 1991).  Again, the State presented sufficient evidence to support Blair's conviction.

## Issue Three:  Credit Time

Finally, Blair contends that the trial court erred when it calculated her credit time. But, as the State points out, Blair has not supported that contention with relevant citations to the record or any citations to legal authority.  Blair has waived this issue for our review.

Affirmed.

BAILEY, J., and PYLE, J., concur.